### ANNIE COLLINS v. THE STATE.

No. 18237. Delivered April 29, 1936.
Rehearing Denied (Without Written Opinion) May 27, 1936.

The opinion states the case.

*T. M. Jordan* and *H. A. Coe,* both of Kountze, and *H. G. Hart,* of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder without malice, and her punishment was assessed at confinement in the state penitentiary for a term of two years.

The only contention which the appellant makes is that the testimony adduced at the trial is insufficient to sustain her conviction. The record discloses that on the night of December 23, 1934, while Prentiss Milligan, Howard Hardin, and K. C. Thompson were returning to the town of Silsbee from church, they discovered that they had a flat tire. They parked their car on the right-hand side of the road leading toward said town. While they were engaged in jacking up the car preparing to change the tire, the appellant drove her car into and upon them, inflicting fatal injuries upon K. C. Thompson and severely injuring the other two. The testimony further shows that the appellant was under the influence of intoxicating liquor a very short time prior to the accident; that after the accident her breath carried the scent of intoxicating liquor; that her conduct as well as the language used by her after the collision indicated that she was drunk from the use of intoxicating liquor; that after being advised she had seriously injured the parties and probably killed one, she replied that she did not care about who she had hurt or how many. Testifying in her own behalf she denied that she was under the influence of intoxicating liquor at the time of the collision and also denied having used the language attributed to her. In this she was corroborated by her brother and sister.

The court in his charge instructed the jury to the effect that they could not convict appellant of the offense with which she was charged unless they first believed beyond a reasonable doubt that at the time of the collision she was driving her automobile upon a public highway while intoxicated, and even then, they could not find her guilty if she was operating her automobile in a manner that it should be operated by one not under the influence of intoxicating liquor, or if the accident, which resulted in the death of K. C. Thompson, was caused by the car upon which he was working being parked as it was, without any lights, and not caused by any fault of the defendant. We think this instruction was a proper guide for the jury and fully protected appellant's legal rights.

Art. 1241, P. C., 1925, reads as follows: "When one in the execution of or in attempting to execute an act made a felony by law shall kill another, though without an apparent inten-

tion to kill, the offense does not come within the definition of negligent homicide." Art. 42, P. C., 1925, reads as follows: "One intending to commit a felony and who in the act of preparing for or executing the same shall through mistake or accident do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed." Art. 802, P. C., 1925, provides: "Any person who drives or operates an automobile or any motor vehicle upon any street or alley * * * of any incorporated city, town or village or upon any public road or highway in this State while such person is intoxicated or in any degree under the influence of intoxicating liquor, shall be confined in the penitentiary for not more than two years, or be confined in jail for not more than ninety days, or fined not more than five hundred dollars, or be punished by both such fine and imprisonment in jail."

If the appellant at the time of the accident was driving her car upon a public highway while intoxicated, she was guilty of a felony under Art. 802, P. C., 1925; and if appellant as a direct result of her intoxicated condition drove her automobile into the car on which K. C. Thompson was working and killed him, she would be guilty of murder. Whether or not appellant was intoxicated, and whether of not her act in driving her car into the car on which deceased was working was the direct result of her drunken condition, were issues of fact to be determined by the jury under an appropriate instruction from the court. The court properly submitted said issues to the jury who decided them adversely to appellant. We are of the opinion that the testimony is sufficient to sustain the jury's conclusion. See Burton v. State, 55 S. W. (2d) 813; Norman v. State, 52 S. W. (2d) 1051; Jones v. State, 75 S. W. (2d) 683.

The appellant's act does not come within the statute on negligent homicide for the reason that the act of driving an automobile while intoxicated is a felony and not a misdemeanor. See Art. 1240, P. C., 1925.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.