T. L. MOYNAHAN v. THE STATE.

No. 21348.  Delivered January 8, 1941.

542

The opinion states the case.

*Cyrus B. Weller* and *Leonard Brown*, both of San Antonio, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a term of two years.

It was charged in the indictment, omitting the formal parts, that on or about the 14th day of September, A. D. 1939, T. L. Moynahan did unlawfully drive and operate an automobile upon a public street within the limits of an incorporated city within this State, to-wit: upon Commerce Street, within the city of San Antonio, Texas, and within the corporate limits thereof, while he, the said T. L. Moynahan, was then and there under the influence of intoxicating liquor, and he, the said T. L. Moynahan, while so operating and driving said automobile as aforesaid, did then and there, through accident and mistake, kill one, John Disbro, by then and there driving said automobile into and against an automobile driven by the said John Disbro and hurling the body of the said John Disbro from said automobile and against the pavement upon said street, thereby jarring, bruising and breaking the body of him the said John Disbro, causing injuries to the body of the said John Disbro, from which injuries the said John Disbro did die, etc.

The indictment is deemed sufficient under the authority of O'Connor v. State, 88 S. W. (2d) 1048.

Appellant entered a plea of not guilty and also filed a plea for suspension of sentence in the event of his conviction.

The State's evidence sustains the averments in the indictment. The officer who arrested appellant near the scene of the collision testified that the appellant was drunk; that he smelled the odor of intoxicating liquor on his breath and that he walked wobbly and staggered. The night-watchman at the Santa Rosa Hospital testified that appellant was drunk on the night in question when he arrived at the hospital.

Appellant took the witness-stand and testified in his own behalf. He denied that he was drunk at the time of the collision. He admitted, however, that he drank about seven bottles of beer during the evening and night in question. Some of the nurses testified that appellant was not drunk or under the influence of intoxicatnig liquor when he came to the hospital immediatley after the collision.

It will be noted that the issue of appellant's intoxicated condition was strenuously contested. Five witnesses for the State testified that he was intoxicated or drunk, and six of appellant's witnesses testified to the contrary.

Appellant addressed eleven objections to the court's main charge and requested a number of special instructions which the court declined to give. The first objection is leveled at Paragraph 2 wherein the court instructed the jury that the statute of our State provides that one intending to commit a felony and who, in the act of preparing for or executing the same, shall, through mistake or accident, do another act which, if voluntarily done, would be a felony, shall receive the punishment affixed to the felony actually committed. Appellant's objection to said charge is that it has no application to the facts of the case at bar; that Article 1241 of the Penal Code is particularly applicable here. Said article of the Penal Code reads as follows: "When one in the execution of or in attempting to execute an act made a felony by law shall kill another, though without an apparent intention to kill, the offense does not come within the definition of negligent homicide."

It occurs to us that the article referred to has no application to the facts of the instant case. It merely takes such an offense as here charged out of the act defining negligent homicide.

Appellant's next objections are all directed to the following phrase used by the court in his charge: "Under the influence of intoxicating liquor." The court charged the jury that "intoxicated" and "under the influence of intoxicating liquor" are synonymous terms, and substantially charged the same as was

approved in the case of Lockhart v. State, 108 Texas Cr. R. 597, 1. S. W. (2d) 894, in which we held that it was not necessary to define the term. However, in that case a similar definition was given as in this case and the court, speaking through Judge Lattimore, said: "In our opinion it is not necessary to give any definition of the terms used in the statute, but one having been attempted, we think it is not erroneous." See Williams v. State, 100 Texas Cr. R. 50.

We have considered appellant's Special Requested Instruction No. 1 and reached the conclusion that no error was committed by the court in declining to submit the same to the jury inasmuch as the court, in his main charge, clearly and definitely instructed the jury on that phase of the case.

No error was committed by the court in declining to give appellant's Special Requested Charge No. 2 to the effect that before the jury could find that the defendant was intoxicated at the time of the alleged accident, they must find beyond a reasonable doubt that he had taken into his system excessive quantities of intoxicating liquor and that the effect of such excessive quantities of intoxicating liquor was to deprive him of his normal, physical and mental faculties. Just what is meant by the words "taken into his system an excessive quantity of intoxicating liquor" is very uncertain and indefinite. Some persons can carry a greater amount of liquor in their system without becoming unsteady on their feet and lose the equilibrium of their mental faculties than others. If appellant intended to convey the idea to the jury that by the words "excessive use of intoxicating liquor" he meant that the person had thereby lost the use of his normal, physical and mental faculties, then the requested charge was but a repetition of what the court had incorporated in his main charge.

By Bill of Exception No. 15 appellant complains of the following remark by Mr. Simmons, Special Prosecutor, in his argument to the jury: "It makes no difference how carefully the defendant was driving his car; he could have been driving it five miles an hour, and if he was drunk at the time of the collision he is guilty of murder."

Appellant objected to the remark on the ground that it was contrary to the charge of the court and requested the court to instruct the jury not to consider it for any purpose, which the court declined to do. We believe that the appellant's contention is well founded. We note that the court instructed the jury, among other things, as follows: "You are instructed that even

though you believe and find from the evidence that the defendant was 'under the influence of intoxicating liquor,' as that term is hereinbefore defined, while he was operating the car at the time of the collision, he would not be guilty of murder if he was operating the same in the manner that it would be operated by one not under the influence of intoxicating liquor."

This is a correct statement of the settled law of the State.

It is obvious that the argument complained of was in direct conflict with the instruction to the jury above set out. The court's failure to respond to appellant's objection and to instruct the jury not to consider it was tantamount to an endorsement by the court of the statement of the law as made by said special prosecutor. If the court had given such a charge to the jury, there is no question but what it would have been in conflict with the charge hereinabove quoted. Although the defendant may have been intoxicated, if he operated his car in the same manner that it would have been operated by one not under the influence of intoxicating liquor, then his intoxicated condition, if he was intoxicated, did not bring about or contribute to the collision and death of the deceased. It is our opinion that the remark was prejudicial, hurtful and an incorrect statement of the law applicable to cases of this nature. See Norman v. State, 52 S. W. (2d) 1051; Jones v. State, 75 S. W. (2d) 683; Collins v. State, 94 S. W. (2d) 443.

In the case of Burton v. State, 55 S. W. (2d) 813 (122 Texas Cr. R. 363), Judge Lattimore, speaking for this Court, on motion for rehearing, said, among other things, as follows: "In other words, the mere fact that a man is under the influence of intoxicating liquor while operating a car on a highway, this being in and of itself the commission of a felony, should not in reason and common sense make him guilty of murder, if he be operating the car correctly and as a man should who was not under the influence of intoxicating liquor."

By Bill of Exception No. 16 appellant complains of the following remark of the Assistant District Attorney: "You heard Dr. Davis testify, but I know as a matter of common knowledge that shock can sober a man up."

Dr. Davis was a witness for the defendant and testified that a shock would not sober a man up. The remark complained of was contradictory to the testimony of Dr. Davis, although no witness testified that a shock would sober a man up. We note, however, that the court sustained the appellant's objection

to the argument and instructed the jury that the remark of the Assistant District Attorney was not any evidence. We seriously doubt that the remark was of such prejudicial nature as would call for a reversal of this case. The prompt action of the trial court, in our opinion, was sufficient to withdraw the evil effect, if any, which it might have had.

By Bill of Exception No. 17 appellant complains of the following argument of the Assistant District Attorney: "I know Mr. Hoag. I have known him for a long time, and know his brother. He is a very good citizen."

Appellant objected to this remark on the ground that the same was an unsworn statement by the Assistant District Attorney that he was vouching for the witness in a manner not provided by law and was highly prejudicial. The court responded to the appellant's objection and instructed the jury that the argument was not evidence in the case. The appellant contends that notwithstanding such instruction the argument was so highly prejudicial that it could not be cured by the court's instruction. We believe that there is merit in his contention. Mr. Hoag was a witness for the State and testified that he saw the defendant at the scene of the accident; that from his manner and from what he said, he thought the defendant was under the influence of intoxicating liquor. However, the testimony was contradicted by witnesses for the defendant and the issue as to whether or not appellant was intoxicated at the time of the collision was vigorously contested and combated by the appellant. We think that the remark of the prosecuting attorney was an attempt on the part of the State to bolster its witness by way of argument as to his general good reputation as a citizen. In the case of Thomas v. State, 6 S. W. (2d) 118, similar argument was made and this Court said: "The argument was in effect the unsworn testimony of the district attorney that the witness' reputation in the respect mentioned was good. Such argument was obviously prejudicial and constituted reversible error." See Parker v. State, 64 S. W. (2d) 786; Jones v. State, 64 S. W. (2d) 961. See also Jones v. State, 91 S. W. (2d) 341.

We think that the combined and cumulative effect of the remarks complained of in Bills of Exception Nos. 15 and 17, being unauthorized, was of such prejudicial nature as calls for a reversal of the judgment of conviction.

The other arguments, while not exactly proper, are not

deemed to be of such character as to require a reversal of the case.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.