JIMMY C. GONZALES V. STATE.

No. 26,538. October 28, 1953.

No attorney for appellant of record on appeal.

*Austin F. Anderson,* Criminal District Attorney, *Jack H. Kaufman,* Assistant Criminal District Attorney, San Antonio, and *Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was convicted of the offense of driving an automobile while under the influence of intoxicating liquor, and his punishment assessed at confinement in the county jail for a period of six months and a fine of $50.00. He appeals from the judgment therein.

Bill of Exception No. 4 reflects that while appellant was on the stand in his own behalf, he was asked by the assistant district attorney the following question: "You have paid fines for being

drunk, haven't you?" To which question the defendant answered that he paid fines; and the assistant district attorney then said, "Several of them." This question was objected to, as well as its answer, but the court overruled such objection and appellant excepted to such ruling. We think this testimony was erroneously admitted since the appellant was not charged as a second offender.

Bill of Exception No. 5 complains of the closing argument of the assistant district attorney, in which he stated to the jury in substance "that the defendant by his own admission, was a drunkard; that he had paid fines on several occasions for being drunk, and that he had been seen brought into the City Police Station in a drunk condition as the same was testified to by Lieutenant Ernest Gonzales, an officer of long standing in this community." This argument was promptly objected to and exception reserved on the ground that the same was highly prejudicial and inflammatory. We think this argument was improper and should not have been made.

In Bill of Exception No. 6 appellant complains because of the closing argument of the assistant district attorney, in which he stated to the jury in substance "* * * that the said Lieutenant Ernest Gonzales knew the defendant very well because the said Jimmy Gonzales was brought into his office at the Police Station on numerous occasions in a drunken condition; further that he had seen Jimmy Gonzales when his wife came down to the jail when they had him there for being drunk." This testimony was promptly objected to and exception reserved to the failure of the court to sustain such objection, same being inadmissible under th charge herein filed.

Because of the errors above set forth, we think this cause has been improperly tried. Therefore, the judgment will be reversed and the cause remanded.