## HAL ELLIOTT WOMACK V. STATE

No. 26,952. April 21, 1954.
State's Motion for Rehearing Denied (Without Written Opinion)
June 2, 1954.

*Frank D. Wear*, Paris, for appellant.

*C. V. Flanary, Jr.*, Assistant County Attorney, Paris, and *Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is driving while intoxicated; the punishment, a fine of $500.00.

The issue of appellant's intoxication was sharply contested. The appellant and his witnesses testified that appellant was not intoxicated on the occasion in question. Officers Ashmore and Chapman were the only witnesses called by the state, and they testified that he was intoxicated.

Bill of Exception No. 1 complains of the following jury argument:

"Now Gentlemen, these fine officers, Bob Ashmore and Murray Chapman, who are not only two examples of fine officers, but two examples of fine citizens and fine men."

Appellant objected to the argument on the grounds that it constituted unsworn bolstering of the credibility of the state's witnesses. The court overruled the objection. In this he was in error. In Moynahan v. State, 140 Texas Cr. Rep. 376, 146 S.W. 2d 376, where the prosecutor in his speech to the jury recommended one of his witnesses very highly to them, we reversed the conviction even though the court responded to the appellant's objection. Recently, in McCool v. State, No. 26,767, 159 Texas Cr. Rep. 432, where the court, in response to the state's objection, gave his opinion that the officer had been vouched for and was qualified, we reversed the conviction, characterizing this remark of the court as a comment on the weight of the evidence which conveyed to the jury his opinion that the witness should be believed.

There are a number of other bills of exception to other argument which present serious questions, but in view of our disposition of this case we will not discuss them in detail other than to observe that the admission of an accused (who has pleaded not guilty) that he has taken a small quantity of alcohol into his system does not constitute a plea of guilty to the offense of driving while intoxicated, and the jury should not be told that it did.

We further observe that upon another trial evidence should not be admitted as to what the appellant may have said which is in the nature of a confession while he was in custody of the officers and after he had arrived at the jail. The officers are entitled to testify as to their observations of the accused and any statements he may have made incident to the arrest, but what he may have said in the nature of a confession sometime after the arrest and while in jail is not admissible unless made in compliance with the confession statute.

The judgment is reversed and the cause remanded.