BENJAMIN JOHN CAKA V. STATE

No. 29,066. June 5, 1957.

*Lawrence L. Bruhl,* Llano, and *L. Hamilton Lowe,* Austin, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $50.00.

In view of our disposition of this case, a recitation of the facts will not be necessary other than to observe that the state's principal witnesses were the two arresting officers, while the appellant and his witnesses testified that he was not intoxicated on the occasion in question.

Bill of Exception No. 5 relates to the closing argument of the prosecutor. We quote therefrom:

"Now, who are you going to believe? A man who is intrested in getting out of this case, or an officer of the law who is impartial, and arrests people only when he thinks they are guilty of an offense against the laws of this State."

Counsel's objection to this argument was overruled.

The state concedes that this bill is "the most difficult part of the case" but relies upon Vasek v. State, 163 Texas Cr. Rep. 632, 294 S.W. 2d 810. Therein, we held it not reversible error for the prosecutor to refer to an officer witness as "honest" because it appeared from the argument that the prosecutor was not going outside the record but was drawing his conclusions

that the officer was honest from the testimony the officer had given before the jury. But can as much be said for the argument here before us? We think not. The bill recites that there was no evidence in the record to support such statement, and we are at a loss to determine how the jury could have gathered such information from observing the witness testify.

More nearly to the case at bar are the cases of Clay v. State, 161 Texas Cr. Rep. 351, 276 S.W. 2d 343, and Womack v. State, 160 Texas Cr. Rep. 237, 268 S.W. 2d 140.

In the Clay case, we held it reversible error for the prosecutor to bolster the officer witness by asking him whether he ever filed a complaint against anyone unless he thought them to be guilty and receiving the answer that "never in my life have I filed on any man I thought was not guilty."

In the Womack case, we held reversible error to be reflected by the prosecutor's argument in which he told the jury that the officer witnesses were "not only two examples of fine officers, but two examples of fine citizens and fine men."

See also Moynahan v. State, 140 Texas Cr. Rep. 540, 146 S.W. 2d 376, and McCool v. State, 159 Texas Cr. Rep. 432, 264 S.W. 2d 734.

For the error in the argument, the judgment is reversed and the cause remanded.