JOSEPH LEVI PUCKETT, JR. V. STATE.

No. 31,074. November 25, 1959.
State's Motion for Rehearing Overruled January 13, 1960.

WOODLEY, Judge, dissented.

*J. P. Moseley,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Jim Foreman, Paul Leech, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for driving while intoxicated; the punishment, 90 days in jail and a fine of $100.

In view of our disposition of the case a recitation of the facts will not be deemed necessary other than to observe that the state's witnesses, who were the two arresting officers, testified that on the occasion in question the appellant was intoxicated, while the appellant and his companion who was riding with him in the automobile testified that he was not intoxicated.

Bill of Exceptions No. 3 recites that state's counsel in his closing argument to the jury said:

"Ladies and Gentlemen of the jury, the police officers that testified in this case are sworn to tell the truth and I am telling you that they are telling you the truth."

Appellant objected to the argument on the ground that it constituted unsworn testimony by the prosecutor which objection was by the court overruled.

The argument complained of was clearly an assertion by state's counsel as a fact that the two officers were telling the truth and constituted an effort on his part to bolster their credibility by unsworn testimony. Such argument was improper and calls for a reversal of the conviction.

In the recent case of Brown v. State, 165 Texas Cr. Rep. 535, 309 S.W. 2d 452 we said:

"This Court has on many occasions condemned any effort on the part of the State to bolster the credibility of its witnesses by unsworn testimony. Moynahan v. State, 140 Texas Cr. Rep. 540, 146 S.W. 2d 376; Gonzales v. State, 159 Texas Cr. Rep. 108, 261 S.W. 2d 577; Womack v. State, 160 Texas Cr. Rep. 237, 268 S.W. 2d 140; Caka v. State, 165 Texas Cr. Rep. 35, 302 S. W. 2d 939.

We are unable to agree with the state's contention that the bill of exception shows that the argument complained of was in reply to argument of appellant's counsel because the court certified in his qualification to the bill "That defense counsel in his argument had questioned the testimony of the police officers." The court's certification does not show in what respect the officer's testimony had been questioned by appellant's counsel and is insufficient to warrant the conclusion that the argument

of the state's counsel was invited and in reply to that of counsel for appellant.

For the error pointed out the judgment is reversed and the cause remanded.

Opinion approved by the Court.

WOODLEY, Judge, (dissenting).

I find no error in the remarks of counsel for the state which are made the basis for the reversal of this conviction.

It is unthinkable that any attorney would ask a jury to convict upon the testimony of an officer or other witness unless he believed such witness' testimony was true. In fact, if the testimony was false and the prosecuting attorney had knowledge of such facts, the conviction would be totally void. Alcorta v. Texas, 355 U.S. 28, 2 L.Ed. 2d 9.

There is nothing in the argument to suggest that counsel was testifying to the credibility of the police officers or that the remarks were otherwise improper.

I quote from my dissent in Hickerson v. State, 162 Texas Cr. Rep. 446, 286 S.W. 2d 437, 439: "Surely my brethren do not intend to hold that a prosecuting attorney is precluded from getting before the jury his belief that the witnesses for the State have testified truthfully and the defense testimony to the contrary is not true!"

I respectfully dissent.