Sylvester MENEFEE, Appellant,

v.

The STATE of Texas, Appellee.

No. 58634

Court of Criminal Appeals of Texas, En Banc.

April 15, 1981.

Russell D. Davies, Lubbock (Court-appointed), for appellant.

Alton R. Griffin, Dist. Atty. and John C. Kilpatrick, Asst. Dist. Atty., Lubbock, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S SECOND MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from a conviction for aggravated robbery. Punishment was assessed at five years.

Our prior opinions are withdrawn.

In his eighth ground of error appellant asserts it was error to overrule his objection to the following jury argument:

"And Virse, I don't believe I have ever seen anybody that I thought was any more honest than she is."

Appellant's objection that this argument was counsel's personal opinion was overruled. On appeal he relies on *Puckett v. State*, 168 Tex.Cr.R. 615, 330 S.W.2d 465, in which the Court wrote:

"Bill of exceptions No. 3 recites that State's counsel in his closing argument to the jury said:

"'Ladies and Gentlemen of the jury, the police officers that testified in this case are sworn to tell the truth and I am telling you that they are telling you the truth.'

"Appellant objected to the argument on the ground that it constituted unsworn testimony by the prosecutor which objection was by the court overruled.

"The argument complained of was clearly an assertion by State's counsel as a fact that the two officers were telling the truth and constituted an effort on his part to bolster their credibility by unsworn testimony. Such argument was improper and calls for a reversal of the conviction.

"In the recent case of *Brown v. State*, Tex.Cr.App. [165 Tex.Cr.R. 388], 309 S.W.2d 452, 453, we said:

"'*This Court has on many occasions condemned any effort on the part of the State to bolster the credibility of its witnesses by unsworn testimony. Moynanhan v. State*, 140 Tex.Cr.R. 540, 146 S.W.2d 376; *Gonzales v. State*, 159 Tex.Cr.R. 108, 261 S.W.2d 577; *Womack v. State*, 160 Tex.Cr.R. 237, 268 S.W.2d 140; *Caka v. State*, Tex.Cr.App. [165 Tex.Cr.R. 35], 302 S.W.2d 939.'" (Emphasis added.)

In the instant case Virse Hayes was the only witness who could identify appellant as the person who committed the offense. On cross-examination her credibility was subjected to strong attack. She admitted to having given a different statement about the color of the car used by the robbers, and at one point she stated, "... you know, this robbery has been far back, you know; you can't hardly remember." The credibility of this witness was critical to the trial of this case. The jury argument injected the prosecutor's personal opinion of her credibility. In view of the trial court's action overruling appellant's objection, we cannot find harmless error.

The State argues this was a deduction from the evidence and called upon the jurors to exercise their role as exclusive judges of the credibility of the witness. The argument, however, injects the prosecutor's opinion of the witness' credibility, and would carry undue weight with the jury in light of the prosecutor's experience. The prosecutor argued that he had never seen anyone he thought was more honest than Hayes. This expression of the prosecutor's opinion was not a deduction from the evidence, but was, instead, an effort to bolster Hayes' credibility by unsworn testimony.

The judgment is reversed and the cause remanded.