**Steven Earl SIMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–01231–CR.**

Court of Appeals of Texas, Dallas.

March 3, 1983.

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM and GUILLOT, JJ.

STEPHENS, Justice.

Steven Earl Simons was convicted of driving while intoxicated and was sentenced to 60 days in jail, probated for 24 months, and assessed a $500 fine. In his sole ground of error, he contends that the trial court erred in overruling his motion for mistrial because the prosecutor's argument injected unsworn testimony which bolstered the previous testimony of two police officers. We agree that the prosecutor's argument was improper and can never be condoned; however, in this instance we find that the error was cured by the court's instructions and affirm.

During final argument at the guilt-innocence phase of trial, the following exchange took place:

(Prosecutor): I submit to you if those officers had wanted to lie, had wanted to exaggerate, they could have told you that he was weaving all over the road the whole time. They could have told you he ran the stop light, he didn't use his blinkers. They were telling you the truth about the way he was driving.

(Defense Counsel): Your Honor, I will have to object to the prosecutor attempting to vouch for the truthfulness of the State's witnesses.

THE COURT: Sustain your objection.

(Defense Counsel): I will ask the Court to instruct the jury to disregard that.

THE COURT: Disregard it, Ladies and Gentlemen.

(Defense Counsel): Your Honor, I don't think that cures her attempt to vouch for veracity of her officers since this is a case involving only two officers and I would respectfully ask for a mistrial.

THE COURT: Deny your motion.

(Prosecutor): When you compare the testimony of two police officers, I submit to you their testimony was very credible and they had no motive to lie to you.

(Defense Counsel): I'll have to object to that. That's vouching for the credibility of the witnesses in different words.

THE COURT: Sustain your objection.

(Defense Counsel): I will ask the Court to instruct the jury to disregard that.

THE COURT: Disregard it, Ladies and Gentlemen.

(Defense Counsel): Your Honor, I don't think that cures the harm done and would ask the Court for a mistrial.

THE COURT: Deny your motion for mistrial.

Thus, the record shows that the prosecutor purposely repeated the error after an objection had been sustained by the court. Such prosecutorial misconduct is improper, yet the question before us is whether such improper conduct requires reversal. We conclude that it does not.

The Court of Criminal Appeals has held many times that it is improper for a prosecutor to bolster the truthfulness of his witnesses. *Menefee v. State,* 614 S.W.2d 167 (Tex.Cr.App.1981) (en banc); *Woodard v. State,* 368 S.W.2d 623 (Tex.Cr.App.1963);

*Puckett v. State,* 168 Tex.Cr.R. 615, 330 S.W.2d 465 (1959); *Brown v. State,* 165 Tex.Cr.R. 535, 309 S.W.2d 452 (1958); *Caka v. State,* 165 Tex.Cr.R. 35, 302 S.W.2d 939 (1957); *Womack v. State,* 160 Tex.Cr.R. 237, 268 S.W.2d 140 (1954). The appellant's reliance on this line of cases, however, fails to take into account a crucial distinction in the present case. In each of the cases cited by the appellant, the defendant's objection was overruled and no instruction to disregard was given to the jury. Where, as here, an objection is timely made and sustained, and the jury has been instructed to disregard, it has generally been held that an improper jury argument requires reversal only if it is so inflammatory that its prejudicial effect cannot be reasonably removed from the minds of the jurors by the court's instruction. *Rudd v. State,* 616 S.W.2d 623 (Tex. Cr.App.1981); *Thompson v. State,* 612 S.W.2d 925 (Tex.Cr.App.1981).

The facts of this case are overwhelming in showing that the appellant was guilty as charged, diluting the effect, if any, that the prosecutor's improper argument may have had at the guilt-innocence stage. During the punishment phase of trial, it was shown that appellant had two prior convictions for driving while intoxicated, yet the court assessed punishment at only 60 days in jail, probated, and a $500 fine. Under the facts of this case, we hold that, although the prosecutor's repetition of the objectionable argument was improper, it was cured by the court's instruction to disregard, and conclude that the error, if any, was harmless.

Affirmed.

WHITHAM, Justice, dissenting.

I respectfully dissent. In my view the court's instructions to disregard the repeated second objectionable remark did not cure the error. There ought to be a limit to the number of times a skunk can be thrown into the jury box with instructions not to smell it. Accordingly, I would reverse and remand.

Even though objection to the first effort to bolster the police testimony was sus-tained, the prosecutor immediately repeated the error in total disregard of the trial court's ruling. Although the majority states "that the prosecutor's argument was improper and can never be condoned," the majority's opinion, in fact, does condone the argument by permitting the prosecutor to repeat the objectionable remark and escape reversal.

A prosecutor's special role in a case must be recognized. That role has been described before but bears repeating here. The Supreme Court of the United States in *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935), emphasized the special responsibility and status of the prosecutor thus:

> The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.

> It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none.

*Id.* at 88, 55 S.Ct. at 633. Another apt description appears in *United States v. Morris,* 568 F.2d 396, 402 (5th Cir.1978):

The distinction between the earnest implorings of an advocate of conclusions the jury should draw from evidence and, on the other hand, the statement of counsel of what he believes, personally, about the case, a witness in the case, or any other issue is often not observed. The courts require adherence to the proper side of the line whenever the issue is presented, and such issues usually involve transgressions by prosecuting attorneys. That is as it should be, for chances of prejudice are greater when prosecutors transgress. The prosecutor is not just a retained attorney; he is a public official occupying an exalted station. Should he be allowed to "testify" in closing argument, jurors hear the "expert testimony" of a trusted officer of the court on, perhaps, a crucial issue. On the other side may be appointed counsel, laboring valiantly to present all defenses available to the accused, who nevertheless may be unable to respond to the implied challenge by asserting his personal belief in his assigned client's innocence. The answer is, of course, that the personal conclusions of neither is of any moment; the conclusions to be drawn, by impartial jurors, from the evidence is at issue. The essence of this discussion concerning counsel's improper arguments is stated in DR 7–106(C) of the American Bar Association Code of Professional Responsibility, which states in pertinent part:

> In appearing in his professional capacity before a tribunal, a lawyer shall not:
>
>     \*     \*     \*     \*     \*     \*
>
> (4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.

Although the observations made in these two cases involve improper remarks by federal prosecutors, the same observations are applicable to State prosecutors.

The Court of Criminal Appeals has condemned and criticized efforts of the State to bolster its witnesses by vouching for them or by injecting unsworn testimony about their truthfulness. The following cases were reversed by the Court of Criminal Appeals for improper jury argument that injected unsworn testimony, bolstered State's witnesses, and vouched for the truthfulness of witnesses. In *Menefee v. State,* 614 S.W.2d 167, 168 (Tex.Cr.App. 1981) (*en banc*), the court reversed a driving while intoxicated case for the argument:

> I don't believe I have ever seen anybody that I thought was any more honest than she is.

In *Woodard v. State,* 368 S.W.2d 623, 624 (Tex.Cr.App.1963), the court also reversed a driving while intoxicated case for the argument:

> [I]f you can't believe an officer who has been on your police force, whom you are paying indirectly by your taxes, for a period of nine years, who can you—

The comment in *Puckett v. State,* 168 Tex. Cr.R. 615, 330 S.W.2d 465 (1959), was similar to the State's argument in the present case. There too the court reversed for this remark:

> [T]he police officers that testified in this case are sworn to tell the truth and I am telling you that they are telling you the truth.

In *Brown v. State,* 165 Tex.Cr.R. 535, 309 S.W.2d 452, 453 (1958), the court reversed for the following argument in a driving while intoxicated case:

> These officers are the most courteous and truthful men in the enforcement of the law . . . .

Even milder closing arguments that the State attempted to justify as being deductions from the evidence or as merely laudatory arguments have caused reversals in driving while intoxicated cases. In *Caka v. State,* 165 Tex.Cr.R. 35, 302 S.W.2d 939 (1957), the court reversed because the prosecutor argued:

> Now, who are you going to believe? A man who is intrested [sic] in getting out

of this case, or an officer of the law who is impartial, and arrests people only when he thinks they are guilty of an offense against the laws of this State.

In *Womack v. State,* 160 Tex.Cr.R. 237, 268 S.W.2d 140 (1954), the court reversed when the prosecutor argued:

[T]hese fine officers ... who are not only two examples of fine officers, but two examples of fine citizens and fine men.

Thus, in the present case the prosecutor's remarks constituted error.

Next, I turn to the question of whether the trial court's instruction to disregard cured the error. In each of the six opinions of the Court of Criminal Appeals above cited involving favorable comments about a witness, the accused's objection was overruled. In the present case, however, the objection was sustained. Thus, the court reaches the question of whether the trial court's instruction to disregard cured the error. The majority is of the opinion that it did. I would hold that the instruction did not. An argument will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts harmful to the accused into the trial proceeding. *May v. State,* 618 S.W.2d 333, 344 (Tex.Cr.App. 1981) (*en banc*), *vacated on other grounds,* 454 U.S. 959, 102 S.Ct. 497, 70 L.Ed.2d 374 (1981). In my view, under the facts of the present case, the argument was manifestly improper. I reach this conclusion because the prosecutor persisted in the objectionable remarks after an objection had once been sustained. A jury cannot help but be impressed and persuaded by the prosecutor's repeated insistence that the police officers' credibility was beyond question. The prosecutor's attempt to circumvent the ruling of the trial court and further remark on the credibility of the police witnesses was obviously and visibly improper. In the present case I do not reach the question of whether the prosecutor's initial argument was cured by the instruction. In the present case the prosecutor compounded the error by refusing to abide by the trial court's ruling.

The prosecutor's failure to honor and respect the trial court's ruling sustaining the objection places this error over the line between harmless and reversible. I would hold that the attempt to circumvent the ruling of the trial court in the present case by repeating the objectionable argument was manifestly improper. The combined and cumulative effect of the remarks when repeated was of such prejudicial nature as calls for reversal. *Cf. Moynahan v. State,* 140 Tex.Cr.R. 540, 146 S.W.2d 376, 379 (1941). Accordingly, I would further hold that the court's instructions to disregard the prosecutor's second objectionable remark did not cure the error and reverse and remand.