NUMBER
13-04-004-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

LAWRENCE WERDLOW,
III,                                                            Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

       On appeal from the County Court of Jackson County,
Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

Appellant, Lawrence Werdlow, III, was convicted of
driving while intoxicated.  On appeal, he
argues there were errors related to the admissibility of evidence and the
prosecutor=s closing arguments. 
We affirm the judgment of the trial court.








I.  Facts and
Procedural History

At approximately 10:00 P.M. on August 18, 2000,
Officer Nielsen stopped appellant for speeding. 
When he approached the vehicle, Officer Nielsen noted appellant had
glassy, bloodshot eyes and the smell of alcohol on his breath.  A police videotape captured the events that
followed.  An inebriated passenger in the
vehicle told Officer Nielsen that he had warned appellant about his driving,
that there was a bottle of whiskey under the seat, and appellant had consumed
some, and that he knew appellant had drunk more than he had.  Officer Nielsen performed three standardized
field sobriety tests on appellant.  

First, he asked appellant to track a pen as he moved
it from side to side, looking for nystagmusBa
slight jerking motion in the eye that can indicate intoxication.  Appellant failed this test.  Second, he asked appellant to walk
heel-to-toe.  Appellant stumbled or
staggered on two steps.  Finally, he
asked appellant to stand on one foot for sixty seconds.  Appellant could not do so successfully.  The officer informed appellant he was under
arrest and handcuffed him.  Appellant
took several steps backward and required help regaining his balance.  Officer Nielsen took appellant to the station
to perform a breath test.

On the way to the station, appellant asked whether
he could refuse the breath  test.  When they arrived, appellant did not stumble
or stagger.  Officer Nielsen explained to
appellant that to get an accurate alcohol reading he had to blow into the
machine with sufficient force until he heard a tone, and then continue blowing
until told to stop.  Officer Nielsen
testified that in his opinion appellant was uncooperative and merely puffed out
his cheeks without actually blowing into the machine.  Officer Nielsen urged him to try again.  On his second and third attempts he blew into
the machine slightly, but as soon as the tone sounded he stopped.  Appellant refused to try again.  








Appellant is blind in his left eye and has had back and
knee surgery.  Officer Nielsen did not
ask appellant if he had any medical condition that might affect the outcome of
the tests.  During trial, Officer Nielsen
conceded that any type of medical impairment could affect the tests, but he did
not believe appellant=s medical history affected his performance on these
tests.  Officer Nielsen said he had
spoken with his ophthalmologist, who told him that appellant=s partial blindness should not have affected the
field test for nystagmus.  

The jury found appellant guilty, and the court
sentenced him to six months= imprisonment. 
Appellant now brings four issues on appeal claiming the court erred in admitting
evidence.

II.  Hearsay
Objections

Appellant=s first issue complains of the admission of hearsay
evidence.  Appellant enumerates three
instances where the court allegedly erred by admitting hearsay evidence with
the cumulative effect of creating the likelihood of an improper judgment.  

Hearsay is "a statement, other than one made by
the declarant while testifying at the trial or hearing, offered in evidence to
prove the truth of the matter asserted." 
Tex. R. Evid. 801(d).  Hearsay is not admissible except as provided
by statute or rules of evidence.  Tex. R. Evid.  802.

The State first claims that this argument is
multifarious and presents nothing for our review. See Sterling v. State,
800 S.W.2d 513, 521 (Tex. Crim. App. 1990). 
However, issues relating to the same theory of recovery or defense may
be combined in an appellate brief if the appellant makes separate references to
the record for each contention. See Armstrong v. State, 845 S.W.2d 909,
910 (Tex. Crim. App. 1993).  Appellant=s brief does address each claim of hearsay
independently with statements to the record and appropriate citations to legal
authority; we therefore reject the State=s claim that the argument presents nothing for our
review.








Second, the State argues (1) appellant=s brief fails to cite authority or make a legal
argument that the cumulative error is a basis for reversal; therefore, the
issue is inadequately briefed and waived on appeal, and (2) appellant did not
object to the cumulative effect of the evidence so no error was preserved.  The appellant=s
brief Amust contain a clear and concise argument for the
contentions made, with appropriate citations to authorities and to the record.@  Tex. R. App. P. 38.1(h).  When appellant=s
brief fails to make a clear and concise argument with appropriate citations,
the courts will hold that appellant has waived the issue.  See, e.g., In re A. J. G.,
131 S.W.3d 687, 692 (Tex. App.BCorpus Christi 2004, pet. denied).  Furthermore, to preserve an error for appeal,
appellant=s trial counsel must make an appropriate and timely
objection or the issue is waived.  See
Tex. R. App. P. 33.1(a).  Appellant=s
brief cites objections in the record for each instance and argues that each
violation independently weighs in favor of reversal.  In the interest of justice, we will address
each of appellant=s claims.  Sterling,
800 S.W.2d at 521.  

1.  Indirect
Hearsay

Appellant=s first subissue raises the complaint of indirect
hearsay.  During the trial, the
prosecutor asked Officer Nielsen if he had a conversation with the passenger
about appellant=s consumption of alcohol; he answered in the
affirmative.  Defense counsel
objected:  AI=m going to object based upon the earlier ruling of
the Court.@  This
objection does not specify which ruling. 
In his brief, appellant claims the ruling referred to was that audio
portions of the police videotape would be admitted solely for impeachment
purposes.  The record does not support a
claim that appellant=s counsel made a hearsay objection.  We therefore hold this subissue is
waived.  See Tex. R. App. P. 33.1(a).

2.  Expert
Opinion Statement

Appellant=s second subissue complains Officer Nielsen should
not have been allowed to give hearsay testimony regarding appellant=s ability to successfully perform the nystagmus test
despite being blind in one eye:








Q         Do you have any knowledge of the tracking in the blind eye,
if it follows what the other eye is doing?

 

A         I have asked my ophthalmologist.  She stated you can have nystagmus in a blind
eye.

 

MS.
DAVIS: Objection, not any evidenceB

 

MR.
BELL: He answered the question.

 

MS. DAVIS:   He didn=t answer about his knowledge, he answered

about someone else=s
knowledge.

 

MR. BELL:     You wouldn=t know
your name if someone didn=t tell you. 

That is how you gain your knowledge.

 

THE
COURT: Your objection is overruled.

 

The State argues the
objection does not preserve the error because defense counsel did not specify
she objected to improper hearsay.  An
objection must include the specific grounds for the objection if it was not apparent
from the context.  Tex. R. Evid. 103(a)(1).  Objections that do not specify the legal
principle are not waived on appeal if the objection was sufficiently specific
to make its meaning clear to the court.  See,
e.g., Zillender v. State, 557 S.W.2d 515, 517 (Tex. Crim. App.
1977) (op. on reh'g.).  We hold that
defense counsel=s objection that Officer Nielsen was speaking of
someone else=s knowledge was sufficiently specific to preserve
his hearsay objection.  See id.  However, we note that during the trial,
defense counsel cited a field manual entitled AStandardized
Field and Sobriety Testing,@ and had Officer Nielsen read aloud a portion of it
that said a person whose eyes did not track together could be indicative of an
injury, serious medical condition, or neurological disorder.  We hold that in light of the countervailing
evidence introduced, the effect of Officer Nielsen=s statement on the jury was negligible.  Therefore, error, if any, in the admission of
the complained -of hearsay testimony  was
harmless.  See Tex. R. App. P. 44.2(a). 








3.  Passenger=s Statements

Appellant=s third subissue is similar to the first.  He claims the court impermissibly allowed the
prosecutor to ask Officer Nielsen about the passenger=s statement that appellant had drank more than the
passenger himself did.  Defense counsel
objected on grounds that it violated a previously granted motion in
limine.  The court overruled the
objection.  Appellant=s brief calls this a Aproper
objection to the hearsay character of the evidence.@  We
disagree.  The objection to a violation
of the court=s ruling on a motion in limine is not the same as a
hearsay objection.  Because no hearsay
objection is apparent from the context, we hold this subissue waived.  See Tex.
R. App. P. 33.1(a).  

Appellant=s first issue is overruled.

III.  Sobriety
Test Demonstration

In appellant=s second issue, he claims the court should have
allowed Officer Nielsen to demonstrate his field sobriety test during the
trial.  Defense counsel wished to have
Officer Nielsen demonstrate the walk-and-turn test in the courtroom to
determine whether a person might waver without being intoxicated.  The State objected to the demonstration as
irrelevant because the officer=s ability to perform the test was not an issue.  The actual test as performed by appellant was
available on videotape.  The court
sustained the objection.   

Appellant now claims the court erred because the
walk-and-turn test would have been conducted under substantially similar
circumstances.  Appellant acknowledges
the trial court has discretion to admit or exclude experiments.  Cantu v. State, 738 S.W.2d 249, 255
(Tex. Crim. App. 1987).  Appellant urges
us to determine whether the court abused its discretion.  Id. 
When the facts affirmatively show that the proposed experiment would be
conducted under substantially similar circumstances and conditions, the court
abuses its discretion in excluding the evidence.  Id. 









Appellant, however,
misses the point.  The court sustained
the objection because of the relevance of Officer Nielsen=s ability to perform the test B not because the circumstances were dissimilar.  Irrelevant evidence is inadmissible.  Tex.
R. Evid. 402.  Even relevant
evidence may be barred by the court in some situations.  Tex.
R. Evid. 403.  Appellate courts
must afford the trial court great discretion in its evidentiary decisions.  Montgomery v. State, 810 S.W.2d 372,
378‑79 (Tex. Crim. App. 1990).  
Absent clear abuse of discretion, the trial court=s decision should be upheld.  Id. at 378.  The walk-and-turn test is an accepted,
standardized test used to determine if a person is inebriated.  The trial court determined that Officer
Nielsen=s ability to perform the walk-and-turn test in the
courtroom was not relevant.  We hold that
the decision was not a clear abuse of discretion and therefore overrule this
issue.  Id.

IV.  Medical Records

Appellant sought to
introduce medical records filed with the court that would show appellant=s surgical history with regard to his back and
knee.  The State objected, denying it had
received proper notice at least fourteen days before trial as required by rule
902(10)(a) and made a motion in limine to prohibit those records.  Defense counsel insisted that she had made
timely delivery of notice to the District Attorney=s office, but no certificate of service in the clerk=s file attested to such notice being provided.  The court granted the motion.  Appellant moved for a continuance to satisfy
the notice requirement, which the court denied. 
Appellant now claims that because the State did not show unfair
surprise, the court erred in granting the State=s
motion in limine. 








The trial court=s ruling on admissibility of evidence is reviewed on
an abuse of discretion standard.  Montgomery,
810 S.W.2d at 378.  Absent clear abuse of
discretion, the trial court=s decision should be upheld. Id. Texas Rule
of Evidence 902(10)(a) enumerates the requirements for admission of business
records, including medical records. 
Counsel must provide prompt notice not only to the clerk of the court,
but also to opposing counsel according to the methods set forth in rule of
civil procedure 21(a) at least fourteen days prior to commencement of
trial.  Tex.
R. Evid. 902(10)(a).  Proper
notice requires the attorney of record to certify compliance through a writing
over signature and on the filed instrument. 
Tex. R. Civ. P. 21(a). 

Appellant cites case law for the proposition that
the courts should not make a formalistic interpretation of rule 902(10).  For example, appellant argues that the
hearsay exception for business records should be liberally construed, citing Coulter
v. State, 494 S.W.2d 876, 883 (Tex. Crim. App. 1973).  However, the issue with regard to the State=s motion in limine is not the hearsay exception; it
is whether appellant provided the statutorily required notice.  Appellant also cites Harris v. State,
799 S.W.2d 348, 350-51 (Tex. App.BHouston [14th Dist.] 1990, no pet.).  In Harris, the court rejected a
formalistic interpretation of rule 902(10) when the parties had been given
notice in an earlier cause number involving the same facts.  Id. at 350-51.   These cases, however, are inapposite because
appellant cannot show that the State had been given notice within the
statutorily required period, either under another cause number or in any other
manner.

Appellant further argues that the State failed to
show any unfair surprise.  To the
contrary, the record demonstrates that the State argued that it would need time
to have its own medical experts review the records and be prepared to rebut
appellant=s arguments. 

 Because the
Texas Rules of Evidence set forth the requirements for admission of business
records, and those requirements were not met, appellant cannot show an abuse of
discretion in the court=s application of those rules.  This issue is overruled.

V.  Witness
Endorsement








Finally, appellant challenges closing statements
wherein the prosecutor improperly professed a personal acquaintance with
Officer Nielsen, a witness at the trial, and his faith in Officer Nielsen=s veracity. 
Specifically, the prosecutor said of Officer Nielsen, AI=ll tell you this, from the testimony in this case
and listening to [Officer Nielsen] and knowing him, you couldn=t get [Officer Nielsen] to lie, if your life
depended on it.@  Defense
counsel objected to the prosecutor=s comments about the character, honesty, or integrity
of the witness.  The prosecutor explained
he meant that, based on the evidence presented, Officer Nielsen would not lie.

Texas courts have emphasized that the prosecutor
must not vouch for the honesty of a witness because it bolsters witness credibility
through unsworn testimony.  See, e.g.,
Menefee v. State, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981).  On appeal, the State claims that the
prosecutor=s statement lacked the degree of specificity needed
to rise to the level of error.  The State
argues the phrase Aknowing him@ could be interpreted as the jury=s knowledge of the witness based upon his conduct
rather than the prosecutor=s knowing him personally.  Furthermore, the State argues when the
prosecutor said, Ayou couldn=t get [him] to lie,@ the
antecedent of the second person pronoun Ayou@ could refer to the jury, and he was merely
indicating that the jury was incapable of making Nielsen lie.  We disagree; the prosecutor=s statement, interpreted in plain English, clearly
was meant to signal to the jury that he knew the witness and vouched for his
honesty.  We conclude that for the trial
court to overrule the objection and permit this statement was clear error, and
we are compelled to evaluate the effect of this error. 








Improper comments by the prosecutor regarding the
honesty or credibility of participants are not considered constitutional
errors.  See Mosley v. State, 983
S.W.2d 249, 259 (Tex. Crim. App. 1998). 
Non‑constitutional errors call for reversal only if the error
affects a substantial right of the defendant. Tex.
R. App. P. 44.2(b).  A substantial
right is affected "when the error had a substantial and injurious effect
or influence in determining the jury's verdict."  King v. State, 953 S.W.2d 266, 271
(Tex. Crim. App. 1997) (citing Kotteakos v. United States, 328 U.S. 750,
776 (1946)).  We do not believe the prosecutor's
attempt at bolstering the credibility of Officer Nielsen had a substantial
effect on the jury's verdict.  The jury
could not have been surprised to learn that the State believed the arresting
officer. Presumably, if the State did not find him credible, it would not have
brought the case.  We conclude that the
prosecutor's comment likely had little effect and is insufficient to warrant
reversal of this case.  Appellant=s final issue is overruled. 

VI.  Conclusion

We affirm the judgment of the trial court.

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 22nd day of August, 2005.