In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00099-CR


______________________________




ERIC D. HENDRIX, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 71st Judicial District Court


Harrison County, Texas


Trial Court No. 07-0052X




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Eric D. Hendrix, Jr., appeals from his jury conviction of the second-degree felony offense
of aggravated assault with a deadly weapon. See Tex. Penal Code Ann. § 22.02 (Vernon Supp.
2007). The jury assessed Hendrix's punishment at seven years' imprisonment. See Tex. Penal
Code Ann. § 12.33 (Vernon 2003). Hendrix was represented by retained counsel at trial and by
different, appointed, counsel on appeal.

 Appellate counsel filed a brief November 27, 2007, under the mandate of Anders v.
California, 386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980),
and has accordingly also filed a motion to withdraw. Counsel sent Hendrix a copy of the brief and
advised Hendrix by letter he believes there are no arguable contentions of error. He also informed
Hendrix of his right to review the record and file a pro se response. 

 Counsel has filed a brief which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from his review of the record there is no arguable point of error to
support the appeal. 

 Counsel further states in the brief that the indictment properly alleges the offense of
aggravated assault, that there were no pretrial matters raised and overruled by the trial court, that the
only pretrial motion ruled on was a motion for the appointment of an investigator (which the trial
court granted and thus authorized payment up to $1,500.00), that jury selection was proper, that the
evidence is both legally and factually sufficient, and that the sentence was within the range of
punishment allowed by law. Counsel's statements are supported by the record.

 Hendrix has now filed a pro se response in which he raises issues concerning ineffective
assistance of counsel, juror misconduct, the fact that the district attorney knew the victims and the
witnesses, the fact that a gun was never found, that an incomplete answer was given to a jury
question sent to the court during deliberation, and that evidence was omitted about the victims being
members of a gang.

 Hendrix first states that he received ineffective assistance of counsel, claiming that counsel
did not object and that he failed to ask the victims enough questions. The standard for evaluating
ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687
(1984). See also Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). To be entitled to
a new trial because his or her trial counsel was ineffective, an appellant must show (1) that counsel's
performance was so deficient that counsel was not functioning as acceptable counsel under the Sixth
Amendment and (2) that, but for counsel's error, the result of the proceedings would have been
different. See Strickland, 466 U.S. at 687; Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.--Houston [1st Dist.] 1996, no pet.). Counsel questioned the jury panel on voir dire, provided
opening and closing statements, effectively cross-examined the State's witnesses, and called several
witnesses to testify on Hendrix's behalf. Ineffective assistance of counsel is not shown by the
record. (1)

 Hendrix further states in his pro se response that one of the jurors claimed to be ill when she
was not and that some of the jurors fell asleep during the trial. 

 We find no evidence in the record to support Hendrix's statement that some of the jurors fell
asleep during the trial.

 After the jury was seated, but before trial on guilt/innocence began, one of the jurors
presented the trial court with a note from her physician stating she was unable to serve due to
medical reasons. The trial court conducted a hearing, found the juror to be incapacitated, and the
alternate juror was seated. No objections were raised by defense counsel regarding either the finding
of incapacitation or the seating of the alternate juror. The trial court then questioned Hendrix
directly as to whether he had any objection to the alternate juror being seated:

 THE COURT: Mr. Hendrix, you understand that [seating the alternate juror]
is what we are doing? And that is what you want to do?


 [Hendrix]: Yes.


There is no error in the trial court's excusal of the original juror or the seating of an alternate juror
in this case.

 In his next statement, Hendrix complains that the district attorney knew and grew up with
the victims and some of the State's witnesses, based upon testimony such as the following exchange
that occurred between the prosecutor and the victim/witness, Tremaine Dunn: "Q. I grew up out on
Calloway Road with you; didn't I? A. Yeah." Eight pages later in the record, questioning the same
witness: "Q. What do you mean - - and I know you are being honest. . . ." Although an
acquaintanceship between a prosecutor and a victim or witness is not of itself objectionable, the
prosecutor's statement "and I know you are being honest" could arguably be called an attempt to
bolster this witness's testimony, based upon the prosecutor's knowledge of that person. See Menefee
v. State, 614 S.W.2d 167, 168 (Tex. Crim. App. 1981) (in closing argument, prosecutor referred to
a State witness by saying, "I don't believe I have ever seen anybody that I thought was any more
honest than she is"). Even if this were found to be error, it would be nonconstitutional error and
require reversal only if it affected the defendant's substantial rights. See Fowler v. State, 958 S.W.2d
853, 866 (Tex. App.--Waco 1997), aff'd, 991 S.W.2d 258 (Tex. Crim. App. 1999) (improper
admission of expert testimony to bolster complainant error of nonconstitutional dimension); King
v. State, 953 S.W.2d 266 (Tex. Crim. App. 1997) ("substantial right" affected when error had a
substantial and injurious effect or influence in determining the jury's verdict). Here, there was ample
testimony identifying Hendrix as the shooter and establishing the seriousness of the victims' injuries. 
 Even if the prosecutor bolstered Dunn's testimony, any error was harmless. 

 Hendrix also states in his pro se response that a gun was never found and that the victims
testified they did not see him either with a gun or firing a gun. The two victims testified they did not
see who shot them (they were shot in the back and in the side). However, several witnesses testified
they saw Hendrix shooting a gun. There is sufficient evidence to support the conviction.

 Hendrix also raises a question regarding what he says is an incomplete answer to a question
sent to the court during the jury's deliberations. The jury, during its deliberations at the
guilt/innocence phase of the trial, sent a note to the court as follows: "State - He saw Eric with gun. 
Defense says he did not see who had gun. This was said in closing arguments. We want to know
what was actually testified to." The court directed the court reporter to read the following testimony
to the jury:

 Q. Now Tremaine, at that point in time did you ever look to see who had
the gun in their hand?


 A. No, I wasn't looking.


 Q. Did you ever see a gun?


 A. I can't say I seen a gun.


 Article 36.28 of the Texas Code of Criminal Procedure is clear in mandating that testimony
can only be read to a jury from the reporter's notes "if the jury disagree as to the statement of any
witness." Tex. Code Crim. Proc. Ann. § 36.28 (Vernon 2006). Although it is not specifically
stated in the note that the jury was in disagreement as to the content of the requested testimony, it
is apparent that the court inferred from the content of the note that such a disagreement existed. The
note, after all, presented two different and contradictory renditions of the testimony provided during
summation, one rendition being drawn from the statements of the State and one from the defense. 
A simple request for testimony does not, by itself, reflect disagreement, implicit or express. Robison
v. State, 888 S.W.2d 473, 480 (Tex. Crim. App. 1994). The trial court's conclusion as to whether
there is a factual dispute between the jurors is reviewed for an abuse of discretion. A trial court 
abuses its discretion when his decision is so clearly wrong as to lie outside the zone within which
reasonable persons might disagree. Howell v. State, 175 S.W.3d 786, 790 (Tex. Crim. App. 2005). 
We determine that it was a reasonable inference to draw from the note that the jury was in
disagreement as to the substance of the testimony. However, Hendrix did not then and does not now
complain about the jury having been allowed to hear testimony read back to them. He, rather,
maintains that the testimony which was read to the jury in response to this note did not answer the
jury's question. Nevertheless, Hendrix did not request that further or additional testimony be read
at the time and even now, does not illuminate what other portion of the testimony he believes would
have been better suited to appropriately and fully respond to the note from the jury. Unable to augur
what other part of the testimony would have more appropriately responded to the jury's note, we
reject this point of error. 

 Hendrix's last complaint in his pro se response is that there was evidence omitted regarding
the fact that the victims were members of a gang. There was testimony both that they were not
members of a gang and that they were. As the trier of fact, the jury is the sole judge of the credibility
of the witnesses and is free to believe or disbelieve all, part, or none of any witness' testimony. 
Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); Lowe v. State, 211 S.W.3d 821, 826
(Tex. App.--Texarkana 2006, pet. ref'd). Irrespective of that, the fact that a victim is a member of
a gang is not a defense to aggravated assault with a deadly weapon. There is no "open season" on
gang members in Texas.

 We have reviewed the record and find the evidence sufficient to support the conviction. We
agree with counsel there are no arguable points of error in this case. (2)

 We affirm the judgment of the trial court.




 Bailey C. Moseley

 Justice


Date Submitted: March 20, 2008

Date Decided: March 28, 2008


Do Not Publish
1. Appellate courts can rarely decide the issue of ineffective assistance of counsel on direct
appeal because the record almost never speaks to the strategic reasons that trial counsel may have
considered. The proper procedure for raising this claim is therefore almost always habeas corpus. 
Aldrich v. State, 104 S.W.3d 890, 896 (Tex. Crim. App. 2003)
.
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Hendrix in this case. No substitute
counsel will be appointed. Should Hendrix wish to seek further review of this case by the Texas
Court of Criminal Appeals, Hendrix must either retain an attorney to file a petition for discretionary
review or Hendrix must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 68.4.



ty="64" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 2 Accent 6"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00071-CR

                                                ______________________________

 

 

                                   DOUGLAS JAMES LANE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 7th Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 007-1471-10

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Douglas
James Lane, appellant, has filed with this Court a motion to dismiss his appeal,
originally filed in the Tyler Court of Appeals.[1]  The motion is signed by Lane and by his
counsel in compliance with Rule 42.2(a) of the Texas Rules of Appellate
Procedure.  See Tex. R. App. P.
42.2(a).  As authorized by Rule 42.2, we
grant the motion.  See Tex. R. App. P.
42.2.

            Accordingly,
we dismiss the appeal.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          May
6, 2011

Date Decided:             May
9, 2011

 

Do Not Publish           

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Govt Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.