Donnie Ray PERRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–01398–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 1, 1998.

---

Kirk J. Oncken, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Before LEE, FOWLER and HILL,[1] JJ.

## OPINION

HILL, Justice (Assigned).

Donnie Ray Perry appeals his conviction by a jury of the offense of delivery of a controlled substance, cocaine, weighing more than one gram but less than four grams. The jury assessed his punishment at confinement for twenty-six years in the Texas Department of Criminal Justice, Institutional Division. He presents four points of error, contending that the trial court erred in: (1) charging the jury on the law of party responsibility because the evidence failed to prove the commission of a crime by the non-defendant actor to the same certainty as if the non-defendant actor were on trial; (2) charging the jury on the law of party responsibility because the evidence established that Perry's conduct, in and of itself, was sufficient to sustain a conviction; (3) overruling his objection to the prosecutor's jury argument which asked the jury to consider the fact that the state's burden of proof was not a difficult burden considering the total number of inmates currently incarcerated who had been convicted under the same standard; and (4) overruling his objection to the prosecutor's jury argument. He asserts that the prosecutor bolstered the credibility of her main witness by allegedly giving the jury her opinion of the truthfulness of the witness's testimony.

We affirm. After reviewing the record, we find (1) the trial court did not err by charging the jury on the law of party responsibility because there was evidence showing appellant's guilt as a party, as well as a principal actor, and it was not necessary to establish the identity of the principal actor whom he assisted; (2) the prosecutor's jury argument that the state's burden of proof is not insurmountable as evidenced by all of the people in the state penitentiaries, was not improper and was not directed toward lessening the solemnity with which the jury was to approach its duty in considering his guilt or innocence; and (3) the prosecutor did not bolster a state's witness because she did not express either her opinion or that of anyone else as to the credibility of the witness.

■ Perry contends in his first and second points of error that the trial court erred by charging the jury on the law of party responsibility. The record reflects that an undercover officer approached Perry, who arranged to have a third person bring the undercover officer some cocaine. The unidentified third person brought the cocaine, handed it to Perry, who in turn handed it to the undercover officer, received payment for it, then passed the money on to the individual who delivered the cocaine.

■ Where the evidence introduced at trial shows the active participation in the offense by two or more persons, the trial court should first remove the acts and conduct of the non-defendant actor from consideration. *See Goff v. State,* 931 S.W.2d 537, 544 (Tex. Crim.App.1996). If the evidence of the defendant's conduct then on trial would be sufficient in and of itself to sustain the conviction, no submission of the law of parties is required. *See id.* Because both parties acknowledge that the evidence supports Perry's guilt as a principal actor, the law of parties was unnecessary. However, the evidence also shows Perry's guilt as a party with the principal actor, the unidentified third party who delivered the cocaine. Accordingly, we find the trial court did not err in submitting the instruction allowing the jury to convict Perry under the theory of party responsibility.

■ Suggesting the evidence was insufficient to raise the issue of his guilt as a party because the third party was not identified, Perry refers us to *Forbes v. State,* 513 S.W.2d 72 (Tex.Crim.App.1974), *cert. denied,* 420 U.S. 910, 95 S.Ct. 830, 42 L.Ed.2d 840 (1975). In *Forbes,* the court stated that to warrant a conviction of an accomplice, the state must prove the commission of the offense by the principal "to the same certainty as if the principal were on trial, and therefore beyond a reasonable doubt." *Id.* at 79. We believe a more accurate statement of the law is found in *Beier v. State,* 687 S.W.2d 2 (Tex.Crim.App.1985). In *Beier,* the court

---

1. Senior Justice John Hill, sitting by assignment.

held that to convict a defendant as a party, the state must prove conduct that constitutes an offense combined with an act by the defendant committed with the intent to promote or assist such conduct. *See id.* at 3. In this case, the state presented sufficient evidence to show conduct by a third person that constituted an offense and an act done by the defendant with the intent to promote or assist that conduct. We hold that the conduct of the third party is relevant to show the guilt of the defendant as a party, whereas the third party's identity has no such relevance. We find the proof is sufficient to justify a charge on the law of parties if the state proves conduct by a third party constituting an offense, even if the identity of that third party is not shown.

Perry also asserts that the trial court erred in submitting the instruction relating to the law of parties because there is evidence that he was guilty as a primary actor. As we have noted, there is also evidence that Perry was guilty as a party; therefore, the trial court did not err in giving the jury this instruction. Perry claims that reversal is warranted based on *McCuin v. State,* 505 S.W.2d 827, 830 (Tex.Crim.App.1974). As stated above, *Goff* holds that such a charge is unnecessary if the evidence shows that conduct by the defendant, taken by itself, is sufficient to establish the commission of the offense. *See* 931 S.W.2d at 544. The fact that such a charge is not required where there is evidence of the defendant's guilt as a principal actor does not mean it is error to submit the charge where there is evidence of a defendant's guilt both as a principal actor and as a party.

■ We also note that Perry's trial objection to the court's instruction on the law of parties is based solely on the lack of evidence of the identity of the third person, not on the evidence showing his guilt as a principal actor. Because Perry's argument with respect to evidence showing his guilt as a principal actor does not comport to the objection Perry made at trial, it presents nothing for review. *See Penry v. State,* 903 S.W.2d 715, 729 (Tex.Crim.App.1995). We overrule appellant's first and second points of error.

■ Perry argues in his third point of error that the trial court erred in overruling his objection to the prosecutor's argument. The prosecutor argued to the jury that the state's burden of proof beyond a reasonable doubt is not insurmountable, as indicated by all of the incarcerated people who have previously been convicted by proof beyond a reasonable doubt.

■ Permissible jury argument falls within four areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) responses to opposing counsel's argument; and (4) pleas for law enforcement. *See Coble v. State,* 871 S.W.2d 192, 204 (Tex. Crim.App.1993). Counsel is generally afforded wide latitude in drawing inferences from the record, as long as the inferences are reasonable and offered in good faith. *See id.* at 205. An argument, although outside the record, may also be based upon matters of common knowledge. *See Carter v. State,* 614 S.W.2d 821, 823 (Tex.Crim.App.1981). Most citizens are aware that the state has the burden of proof in criminal cases; that there are a large number of people in the penitentiaries of this state; and that, if an individual is imprisoned in a penitentiary, he or she must be convicted by evidence beyond a reasonable doubt. We find nothing impermissible in the prosecutor's argument.

■ Perry also asserts that the prosecutor's argument had the effect of lessening the solemnity with which the jury was to approach its duty in considering his guilt or innocence. For this proposition, Perry relies on *Caldwell v. Mississippi,* 472 U.S. 320, 328–329, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). In *Caldwell,* the United States Supreme Court held that it is constitutionally impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that the responsibility for determining the appropriateness of the defendant's death rests elsewhere than the jury. *See id.*

We do not view the prosecutor's argument as one that lessened the solemnity with which the jury was to approach its duty in determining Perry's guilt or innocence. Rather, we construe the argument as a claim that it was possible for the state to meet its

burden, as evidenced by the fact that the state had met its burden in past cases. We see no indication that the state sought to convince the jury that someone other than the jury should decide whether Perry was guilty or innocent, and there is nothing in the record to indicate it was argued that the state's burden is any less than it actually is. We overrule appellant's third point of error.

■ Perry asserts in his fourth point of error that the trial court erred in overruling his objection to the prosecutor's jury argument because the prosecutor supposedly bolstered the credibility of her main witness by giving the jury her opinion about the truthfulness of the witness's testimony. In closing argument, Perry's counsel questioned the credibility of the undercover police officer. In response, the prosecutor stated reasons as to why the officer was credible and should be believed. As previously noted, responding to opposing counsel's argument is one of the four areas of permissible jury argument. *See Coble*, 871 S.W.2d at 204. Perry does not refer us to any argument in which the prosecutor expressed a personal opinion as to the veracity of the officer.

Rather, in support of his fourth point of error, Perry relies on *Simons v. State*, 648 S.W.2d 21 (Tex.App.—Dallas 1983, no pet.); *Menefee v. State*, 614 S.W.2d 167 (Tex.Crim. App.1981); *Woodard v. State*, 368 S.W.2d 623 (Tex.Crim.App.1963); and *Puckett v. State*, 168 Tex.Crim. 615, 330 S.W.2d 465 (1959). These cases are all distinguishable. In *Simons*, the prosecutor argued to the jury, "They [the police officers] were telling you the truth about the way he was driving", and "I submit to you their testimony was very credible and they had no motive to lie to you." *Simons*, 648 S.W.2d at 22. Here, the prosecutor argued that the jury should believe the officer based on the evidence, but unlike *Simons*, she did not directly tell the jury that the officer was telling the truth. In *Menefee*, the prosecutor also directly expressed a personal opinion of a witness's truthfulness, stating, "I don't believe I have ever seen anybody that I thought was any more honest than he is." *Menefee*, 614 S.W.2d at 168. In *Woodard,*the prosecutor told the jury that they were paying the offi-

cer witness's salary and that since the City Commission had retained him in office for nine years the Commission must have had confidence in his integrity. *See Woodard*, 368 S.W.2d at 624. In *Puckett*, the prosecutor argued to the jury that, "the police officers that testified in this case are sworn to tell the truth and I am telling you that they are telling you the truth." *See Puckett*, 330 S.W.2d at 465.

In the cases cited by Perry, the prosecutor personally vouched for the truthfulness of a state's witness or witnesses or indicated that some third party did. Here, the prosecutor did not personally vouch for the state's witness, but referred to matters in the evidence and argued that the jury should give credence to the witness's testimony. We, therefore, find that the trial court did not err in overruling Perry's objection to the prosecutor's argument. We overrule appellant's fourth point of error and affirm the judgment.