COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-491-CR
  
 
ALVIN 
MONTRELL SADLER                                                     APPELLANT
 
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury found appellant, Alvin Montrell Sadler, guilty of possession with intent to 
deliver a controlled substance, namely cocaine, of 4 grams or more, but not less 
than 200 grams, after which the judge assessed appellant’s punishment at ten 
years’ imprisonment. In one point on appeal, Sadler complains that the trial 
court erred by including in the jury charge an instruction on the law of 
parties. Specifically, Sadler contends that the evidence does not support an 
instruction on the law of parties and that there are insufficient “affirmative 
links” between Sadler and the cocaine to find him guilty as a principal. We 
will affirm.
        A 
trial court must charge the jury fully and affirmatively on the law applicable 
to every issue raised by the evidence. Taylor v. State, 856 S.W.2d 459, 
470 (Tex. App.—Houston [1st Dist.] 1993), aff'd, 885 S.W.2d 154 (Tex. 
Crim. App. 1994); see Tex. Code 
Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2004-05); Jackson v. State, 
633 S.W.2d 897, 899 (Tex. Crim. App. 1982). If evidence presented at trial 
raises an issue, and a jury charge is requested on that issue, then a charge on 
that issue must be given. Taylor, 856 S.W.2d at 470.
        A 
person is criminally responsible for an offense if the offense is committed by 
his own conduct, by the conduct of another for which he is criminally 
responsible, or by both. Tex. Penal Code 
Ann. § 7.01(a) (Vernon 2003). Moreover, under the so-called “law of 
parties,” a person is criminally responsible for an offense committed by the 
conduct of another if, acting with intent to promote or assist the commission of 
the offense, he solicits, encourages, directs, aids, or attempts to aid the 
other person to commit the offense. Id. § 7.02(a)(2). An instruction on 
the law of parties may be given when there is sufficient evidence to support a 
jury verdict that the defendant is criminally responsible under the law of 
parties. Ladd v. State, 3 S.W.3d 547, 564 (Tex. Crim. App. 1999).
        For 
a person to be guilty under the law of parties, the State must first prove the 
guilt of another as the primary actor. Richardson v. State, 879 S.W.2d 
874, 882 (Tex. Crim. App. 1993). The State need not identify the primary actor 
to justify a jury charge on the law of parties; rather, it is sufficient that 
the State proves conduct by a third party constituting the offense and an act by 
the accused committed with the intent to promote or assist the conduct. See 
Perry v. State, 977 S.W.2d 847, 850 (Tex. App.—Houston [14th Dist.] 1998, 
no pet.); see also Green v. State, 930 S.W.2d 655, 658 (Tex. App.—Fort 
Worth 1996, pet. ref’d) (holding that the failure of the trial court to 
specifically name any other party in the application paragraph of the jury 
charge was not err because based on the testimony and argument the jury was not 
confused as to who the parties were).
        In 
determining whether a defendant was a party, the trial court may look to events 
before, during, and after the commission of the crime. Goff v. State, 931 
S.W.2d 537, 545 (Tex. Crim. App. 1996). Mere presence at the scene of an offense 
is insufficient to establish liability as a party. Beardsley v. State, 
738 S.W.2d 681, 685 (Tex. Crim. App. 1987). However, a person’s presence at 
the scene of an offense is a “circumstance tending to prove guilt, which, 
combined with other facts, may suffice to show that the accused was a 
participant.” Id. Participation need not be proven by direct evidence, 
circumstantial evidence may be sufficient to show a person is a party to an 
offense. See id. at 684.
        Fort 
Worth Police Officer James Broadwater testified that while investigating a tip 
from a confidential informant that illegal narcotics were being distributed from 
the home located at 4649 Tallman Avenue in Fort Worth, Texas, he observed 
activity at the house that in his opinion was consistent with the dealing of 
illegal narcotics. Specifically, Officer Broadwater stated that he “observed 
several persons” arrive at the residence either on foot or by vehicle, 
approach the “southeast door and/or window of the residence and then return 
back to their vehicles or leave on foot within approximately a 30-second period 
of time.” Officer Broadwater obtained a search warrant on January 9, 2003, and 
on that day, prior to executing the warrant, he conducted surveillance of the 
property twice, once in the morning and once in the early afternoon, both times 
observing activity consistent with the dealing of illegal narcotics. He 
assembled a team of officers to execute the warrant, and they executed the 
warrant that evening after dark. In executing the warrant, Officer Broadwater 
positioned himself near a rear window of the home while other officers entered 
the front door of the home using a battering ram. He testified that officers 
used a battering ram to enter the residence, in part, because he had been 
informed that there were “vats of hot oil” inside that would be used to 
destroy the evidence. As other officers entered through the front door, Officer 
Broadwater observed “approximately three black males . . . in the southeast 
bedroom” of the house lie on the floor when ordered to do so by police. 
Further, he observed one of these men pull an “off-white looking substance” 
from his pocket and throw it into a boiling vat.
        Another 
officer, Officer Joseph Farah, testified that when he entered the southeast 
bedroom there were four men in the room and that all four men were lying on the 
floor.[2]  He testified that Sadler was one of 
those men. He also stated that there was a boiling “vat of grease” 
containing what appeared to be clumps of a baking soda like substance in it. 
According to Officer Farah, Sadler was lying on the floor in front of a couch. 
Officer Farah found marijuana in Sadler’s pocket, and very near Sadler, on the 
arm of the couch, he discovered what appeared to be three lumps of crack 
cocaine.  He testified that Officer Broadwater told him that Sadler had 
been seated on the couch. According to Officer Farah, marijuana was also found 
on a dresser in the room as were a metal scale and a spoon.
        Another 
officer, Officer Gregory Jones, testified that he found a pistol under the right 
cushion of the couch where the lumps of cocaine were found on the arm. He also 
stated that there was a cooker in the room containing hot grease from which they 
recovered a yellowish substance. That substance was later determined to contain 
cocaine.[3]
        Evidence 
was also introduced at trial that indicated Sadler resided at the residence, at 
least part of the time. Specifically, Officer Broadwater testified that mail was 
found addressed to Sadler at 4649 Tallman Avenue and that inside the house 
police found a photo of Sadler standing outside the front door of the residence. 
He also testified that school work was found inside the house bearing Sadler’s 
name. Another officer, Officer James Grow, testified that after the search 
custody of the residence was turned over to Sadler’s mother, that she 
indicated that the house had been given to him or sold to him by his 
grandmother, that he lived there, and that he was supposed to be fixing up the 
house. Finally, Officer Farah testified on cross examination that in completing 
his “arrested person information sheet,” Sadler provided him with two 
addresses, the address on Tallman Avenue and an address on Cass Street, 
indicating to Officer Farah that in addition to the house on Tallman he also 
stayed on Cass Street.
        After 
applying the proper standards of review,[4] we hold 
that the evidence was sufficient to support the submission of a jury charge 
regarding whether Sadler was criminally responsible under the law of parties. See 
Tex. Penal Code Ann. §§ 7.01(a), 
7.02(a)(2). There was sufficient evidence presented at trial from which a jury 
could have found that someone in the house was distributing cocaine, and that 
Sadler, if not the principal, was a party to that crime.  There was 
evidence presented at trial that not only was Sadler present when police 
executed the search warrant, but that he lived there, at least part of the time. 
Further, Officer Broadwater observed persons arriving at the residence either on 
foot or by vehicle, approach the “southeast door and/or window of the 
residence and then return back to their vehicles or leave on foot within 
approximately a 30-second period of time.”  When police executed the 
search warrant, Sadler was found in the same room where police found cocaine, 
marijuana, scales, a spoon, and a vat of hot oil containing cocaine.  He 
was found lying directly in front of a couch where cocaine was found on the arm 
and a gun was found under the cushion. Thus, a reasonable jury could have found 
from the evidence that Sadler acted with the intent to promote or assist in the 
commission of the crime of possession of cocaine with intent to deliver and that 
he solicited, encouraged, directed, aided, or attempted to aid one or more third 
parties in distributing cocaine from the house on Tallman Avenue.
        Because 
we find there was sufficient evidence presented at trial to support a jury 
charge on the law of parties, we need not address whether the evidence was 
sufficient to find Sadler guilty as a principal.
        We 
overrule Sadler’s point and affirm the trial court’s judgment.

 
 
                                                                  BOB 
MCCOY
                                                                  JUSTICE
 
 
PANEL 
B:   HOLMAN, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
November 24, 2004


NOTES
1.  
See Tex. R. App. P. 47.4
2.  
Officer Terry Howard testified that a total of seven persons were arrested at 
the house that night, of which two were arrested for possession of narcotics.
3.  
Fort Worth Crime Lab employee Yin Zhang testified that a total of 37.71 grams of 
material containing cocaine was recovered from the residence.
4.  
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden 
v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (both setting out legal 
sufficiency standard of review); Zuniga v. State, 144 S.W.3d 477, 484-85 
(Tex. Crim. App. 2004) (setting out factual sufficiency standard).