Alvin Montrell Sadler v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-491-CR

ALVIN MONTRELL SADLER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury found appellant, Alvin Montrell Sadler, guilty of possession with intent to deliver a controlled substance, namely cocaine, of 4 grams or more, but not less than 200 grams, after which the judge assessed appellant’s punishment at ten years’ imprisonment.  In one point on appeal, Sadler complains that the trial court erred by including in the jury charge an instruction on the law of parties.  Specifically, Sadler contends that the evidence does not support an instruction on the law of parties and that there are insufficient “affirmative links” between Sadler and the cocaine to find him guilty as a principal. 
 We will affirm. 

A trial court must charge the jury fully and affirmatively on the law applicable to every issue raised by the evidence.  
Taylor v. State
, 856 S.W.2d 459, 470 (Tex. App.—Houston [1st Dist.] 1993), 
aff'd
, 885 S.W.2d 154 (Tex. Crim. App. 1994); 
see
 
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon Supp. 2004-05); 
Jackson v. State
, 633 S.W.2d 897, 899 (Tex. Crim. App. 1982).  
If evidence presented at trial raises an issue, and a jury charge is requested on that issue, then a charge on that issue must be given. 
 Taylor, 
856 S.W.2d at 470.
 

A person is criminally responsible for an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. 
 Tex. Penal Code Ann
. § 7.01(a) (Vernon 2003).  Moreover, under the so-called “law of parties,” a person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense.  
Id
. §
 7.02(a)(2). 
 An instruction on the law of parties may be given when 
there is sufficient evidence to support a jury verdict that the defendant is criminally responsible under the law of parties. 
 Ladd v. State,
 3 S.W.3d 547, 564 (Tex. Crim. App. 1999)
. 

For a person to be guilty under the law of parties, the State must first prove the guilt of another as the primary actor.  
Richardson v. State
, 879 S.W.2d 874, 882 (Tex. Crim. App. 1993).  The State need not identify the primary actor to justify a jury charge on the law of parties; rather, it is sufficient that the State proves conduct by a third party constituting the offense and an act by the accused committed with the intent to promote or assist the conduct.  
See Perry v. State
, 977 S.W.2d 847, 850 (Tex. App.—Houston [14th
 Dist.] 1998, no pet.); 
see also Green v. State
,
 
930 S.W.2d 655, 658 (Tex. App.—Fort Worth 1996, pet. ref’d) (holding that the failure of the trial court to specifically name any other party in the application paragraph of the jury charge was not err because based on the testimony and argument the jury was not confused as to who the parties were).

In determining whether a defendant was a party, the trial court may look to events before, during, and after the commission of the crime.  
Goff v. State
, 931 S.W.2d 537, 545 (Tex. Crim. App. 1996). 
 Mere presence at the scene of an offense is insufficient to establish liability as a party. 
 Beardsley v. State
, 738 S.W.2d 681, 685 (Tex. Crim. App. 1987)
.  
However, a
 person’s presence at the scene of an offense is a “circumstance tending to prove guilt, which, combined with other facts, may suffice to show that the accused was a participant.”  
Id
.  Participation need not be proven by direct evidence, circumstantial evidence may be sufficient to show a person is a party to an offense. 
See id. 
at 684.
 

Fort Worth Police Officer James Broadwater testified that while investigating a tip from a confidential informant that illegal narcotics were being distributed from the home located at 4649 Tallman Avenue in Fort Worth, Texas, he observed activity at the house that in his opinion was consistent with the dealing of illegal narcotics.  Specifically, Officer Broadwater stated that he “observed several persons” arrive at the residence either on foot or by vehicle, approach the “southeast door and/or window of the residence and then return back to their vehicles or leave on foot within approximately a 30-second period of time.”  Officer Broadwater obtained a search warrant on January 9, 2003, and on that day, prior to executing the warrant, he conducted surveillance of the property twice, once in the morning and once in the early afternoon, both times observing activity consistent with the dealing of illegal narcotics.  He assembled a team of officers to execute the warrant, and they executed the warrant that evening after dark.  In executing the warrant, Officer Broadwater positioned himself near a rear window of the home while other officers entered the front door of the home using a battering ram.  He testified that officers used a battering ram to enter the residence, in part, because he had been informed that there were “vats of hot oil” inside that would be used to destroy the evidence.  As other officers entered through the front door, Officer Broadwater observed “approximately three black males . . . in the southeast bedroom” of the house lie on the floor when ordered to do so by police.  Further, he observed one of these men pull an “off-white looking substance” from his pocket and throw it into a boiling vat.

Another officer, Officer Joseph Farah, testified that when he entered the southeast bedroom there were four men in the room and that all four men were lying on the floor.
(footnote: 2)  He testified that Sadler was one of those men.  He also stated that there was a boiling “vat of grease” containing what appeared to be clumps of a baking soda like substance in it.  According to Officer Farah, Sadler was lying on the floor in front of a couch.  Officer Farah found marijuana in Sadler’s pocket, and very near Sadler, on the arm of the couch, he discovered what appeared to be three lumps of crack cocaine.  He testified that Officer Broadwater told him that Sadler had been seated on the couch.  According to Officer Farah, marijuana was also found on a dresser in the room as were a metal scale and a spoon.

Another officer, Officer Gregory Jones, testified that he found a pistol under the right cushion of the couch where the lumps of cocaine were found on the arm.  He also stated that there was a cooker in the room containing hot grease from which they recovered a yellowish substance.  That substance was later determined to contain cocaine.
(footnote: 3)
 Evidence was also introduced at trial that indicated Sadler resided at the residence, at least part of the time.  Specifically, Officer Broadwater testified that mail was found addressed to Sadler at 4649 Tallman Avenue and that inside the house police found a photo of Sadler standing outside the front door of the residence.  He also testified that school work was found inside the house bearing Sadler’s name.  Another officer, Officer James Grow, testified that after the search custody of the residence was turned over to Sadler’s mother, that she indicated that the house had been given to him or sold to him by his grandmother, that he lived there, and that he was supposed to be fixing up the house.  Finally, Officer Farah testified on cross examination that in completing his “arrested person information sheet,” Sadler provided him with two addresses, the address on Tallman Avenue and an address on Cass Street, indicating to Officer Farah that in addition to the house on Tallman he also stayed on Cass Street.

After applying the proper standards of review,
(footnote: 4) we hold that the evidence was sufficient to support the submission of a jury charge regarding whether Sadler was criminally responsible under the law of parties. 
See
 
Tex. Penal Code Ann
. §
§
 7.01(a), 7.02(a)(2). 
There was sufficient evidence presented at trial from which a jury could have found that someone in the house was  distributing cocaine, and that Sadler, if not the principal, was a party to that crime. There was evidence presented at trial that not only was Sadler present when police executed the search warrant, but that he lived there, at least part of the time. Further, Officer Broadwater observed persons arriving at the residence either on foot or by vehicle, approach the “southeast door and/or window of the residence and then return back to their vehicles or leave on foot within approximately a 30-second period of time.”  When police executed the search warrant, Sadler was found in the same room where police found cocaine, marijuana, scales, a spoon, and a vat of hot oil containing cocaine.  He was found lying directly in front of a couch where cocaine was found on the arm 
and a gun was found under the cushion.  Thus, a reasonable jury could have found from the evidence that Sadler acted with the intent to promote or assist in the commission of the crime of possession of cocaine with intent to deliver and that he solicited, encouraged, directed, aided, or attempted to aid one or more third parties in distributing cocaine from the house on Tallman Avenue.   Because we find there was sufficient evidence presented at trial to support a jury charge on the law of parties, we need not address whether the evidence was sufficient to find Sadler guilty as a principal.

We overrule Sadler’s point and affirm the trial court’s judgment.

BOB MCCOY

JUSTICE

PANEL B: HOLMAN, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 24, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4

2:
Officer Terry Howard testified that a total of seven persons were arrested at the house that night, of which two were arrested for possession of narcotics.

3:
Fort Worth Crime Lab employee Yin Zhang testified that a total of 37.71 grams of material containing cocaine was recovered from the residence.

4:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001) (both setting out legal sufficiency standard of review); 
Zuniga v. State
, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004) (setting out factual sufficiency standard).