Affirmed and Memorandum Opinion filed November 13, 2007








Affirmed and Memorandum Opinion filed November 13, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00940-CR

_______________

 

DANIEL DENARD DILLARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1063933

                                                                                                                                                

 

M E M O R A N D U M  O P I N I O N

A jury
found appellant, Daniel Denard Dillard, guilty of capital murder.  The trial
court assessed an automatic life sentence, without the possibility of parole. 
In two issues, appellant contends the trial court erred by denying his
challenge for cause of venireperson number thirty-seven and by refusing to
grant a mistrial following the State=s allegedly improper jury argument. 
All dispositive issues are clearly settled in law.  Accordingly, we issue this
memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.  








I. Background

According
to the State=s evidence, at approximately 3:00 a.m. on April 4, 2006, complainant,
Leon Dyers, was shot and killed during a robbery in the parking lot of the
North Forest Trails apartment complex.  Complainant and Jerry Jeter, both
Georgia residents, were in Houston, Texas to complete remodeling projects on
three local restaurants.  On April 3rd, complainant finished his remodeling
work and was scheduled to return home to Georgia the next day.  To celebrate,
complainant and Jeter spent the evening at Simon=s dance club with Keandra Robinson
and Carolyn Mills, two women they met in Houston.  During the evening, 
appellant, whom complainant and Jeter also knew, came to the club and joined
complainant=s party for a beer.  At approximately 2:00 a.m., unable to find appellant
in the club or adjacent parking lot, complainant, Jeter, Robinson, and Mills
left.

Complainant
drove Mills to her apartment in the North Forest Trails complex.  As
complainant pulled into the parking lot, appellant and another man were sitting
in a truck backed into a nearby parking space.  After Mills left complainant=s truck to go inside, appellant,
wielding a shotgun, confronted complainant and demanded his wallet. 
Complainant complied but asked that appellant return his identification cards. 
As complainant reached for his wallet, appellant shot him in the head.  Jeter
and Robinson, who had both been in the back seat of complainant=s truck during the confrontation,
fled after the shooting.

Appellant
was ultimately arrested, and a jury returned a verdict convicting him of
capital murder.  

II. Voir Dire








In his
first issue, appellant contends the trial court abused its discretion by
denying his challenge for cause of venireperson thirty-seven (37). 
Specifically, appellant asserts that venireperson 37=s Atrue feelings@ were that she would draw an adverse
inference from appellant=s failure to testify.

We
review a trial court=s decision to grant or deny a challenge for cause under an
abuse of discretion standard.  See Kemp v. State, 846 S.W.2d 289, 295B96.  We will reverse only upon a
showing of a clear abuse of discretion.  Colburn v. State, 966 S.W.2d
511, 517 (Tex. Crim. App. 1998).  If a venireperson testifies that she can
follow the law despite any personal prejudices, the trial court abuses its
discretion by granting a challenge for cause.  Brown v. State, 913
S.W.2d 577, 580 (Tex. Crim. App. 1996).  Likewise, if a venireperson testifies
unequivocally that she cannot follow the law, the trial court abuses its
discretion by denying a challenge for cause.  Id.  If a venireperson
equivocates on her ability to follow the law, a trial court may question the
venireperson in order to clarify her position.  See Gardner v. State,
733 S.W.2d 195, 210 (Tex. Crim. App. 1987), cert. denied, 488 U.S. 201
(1989).  If the venireperson=s position remains equivocal, we must defer to the judgment
of the trial court in granting or denying a challenge for cause.  Brown,
913 S.W.2d at 580. 

In this
case, during voir dire by appellant, the following exchange occurred:  

Q.
(Appellant=s Counsel): . . . if my mom was sitting where you are
right now she would say this: AThe person had
better testify or I would hold that against them.@ Some of you probably feel that way, too.  And I just need to see your
hands . . . 

A.
(Venireperson 37): I felt that way, too, but I would try to be impartial to
that.

Q.
(Appellant=s Counsel): You can=t
do that if you feel - -

A.
(Venireperson 37): Subconsciously, no, I would think they should have spoken up
for themselves.

The trial court
subsequently questioned venireperson 37:

Q. (Trial
Court): . . . the Fifth Amendment, you understand what the Constitution says -
-

A.
(Venireperson 37): I do understand now.








Q. (Trial Court): . . . Can you follow that law or
not?

A. (Venireperson 37): I can follow the law, yes, I
can, but [Appellant=s Counsel] asked for that split second when he said it
went through my mind, AHe must have something to hide.@  But, yes, I can swear to follow the law.  I do
understand it. . . . 

Q. (Appellant=s
Counsel): You don=t have to follow the law.  If it=s in your conscience you say I just can=t do it, you can stick with your guns and say, AI=m sorry.  If he
doesn=t testify, I=m
going to hold it against him.@  The Judge is
not going to get upset, neither will the Prosecutor nor will I if that=s what you really feel.  And I think you were telling
me your real feelings when you were talking.

A. (Venireperson 37): Yes, that was my real feelings.

Q. (Appellant=s
Counsel): Yeah, and that=s what the Judge is asking.

A. (Venireperson 37): But if I was on a jury and I was
sworn, I would be impartial.

Q. (Trial Court): You mean, in good conscience you
would raise your right hand and be sworn to follow that law?

A. (Venireperson 37): Yes, I would.

Q. (Trial Court) You would promise you wouldn=t hold it against him if he didn=t testify?

A. (Venireperson 37): No, he asked me a hypothetical
question and I raised my hand.








        In sum,
venireperson 37 expressed that if chosen for the jury she would set aside any
personal beliefs and would follow the law as instructed.  Therefore, the trial
court would have abused its discretion had it allowed a challenge for cause.  See
Brown, 913 S.W.2d at 580.  However, even assuming arguendo that
venireperson 37=s testimony was equivocalBvacillating between expressing her
personal belief that a person accused of a crime should testify in his own
defense and affirming her ability to set such a belief aside, act as an
impartial juror, and follow the law as instructedBwe cannot conclude the trial court
abused its discretion.  When a venireperson equivocates regarding her ability
to follow the law, we defer to the judgment of the trial court.  See id. 
Therefore, even if we concluded that venireperson 37=s testimony was equivocal, we are
bound to affirm the trial court=s denial of appellant=s challenge for cause.  We overrule
appellant=s first issue. 

III. Jury Argument

In his
second issue, appellant contends the trial court erred by denying his motion
for mistrial following the State=s improper jury argument.  We
disagree.

A
mistrial is used to halt trial proceedings when error is so prejudicial that
expenditure of further time and expense would be wasteful and futile.  Ladd
v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).  We review the trial
court=s denial of a motion for mistrial
under an abuse of discretion standard.  Id.  

There
are four areas of proper jury argument: (1) summation of the evidence; (2)
reasonable deductions from the evidence; (3) responses to opposing counsel=s argument; and (4) pleas for law
enforcement.  Perry v. State, 977 S.W.2d 847, 850 (Tex. App.BHouston [14th Dist.] 1998, no pet.). 
We presume the jury complied with an instruction to disregard improper jury
argument.  Wesbrook v. State, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000)
(citing Colburn v. State, 966 S.W.2d at 520 (stating appellate courts
generally presume the jury follows the trial court=s instructions in the manner
presented)).  In most instances, an instruction to disregard is sufficient to
cure error in jury argument.  See Wilkerson v. State, 881 S.W.2d 321,
327 (Tex. Crim. App. 1994).  Only offensive or flagrant error warrants reversal
when there has been an instruction to disregard.  Wesbrook, 29 S.W.3d at
116.

During
closing argument, the prosecutor asserted, A[appellant=s] statement, you heard Officer
Chavez talk about all the inconsistencies, the many inconsistencies. 
Inconsistencies are lies, folks.  I have a duty to put on the truth, what I
believe - -@ Appellant timely objected, and the trial court sustained the objection
and instructed the jury to disregard the prosecutor=s statement concerning his personal
beliefs.  The trial court denied appellant=s motion for a mistrial.  








We
conclude the trial court did not abuse its discretion by denying appellant=s motion for mistrial.  Even if the
prosecutor made an improper argument by commenting about his personal beliefs
concerning the credibility of witnesses, the trial court quickly sustained
appellant=s objection and instructed the jury to disregard the prosecutor=s remarks.  The  prosecutor=s statement was not unduly offensive
or flagrant because the prosecutor=s statement was brief and he did not
reiterate the argument after the trial court sustained appellant=s objection.  Accordingly, the trial
court=s instruction to disregard cured the
error, and the trial court acted within its discretion by denying the request
for mistrial.  We overrule appellant=s second issue.

            The judgment
of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed November 13, 2007.

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).