Affirmed and Memorandum Opinion filed December 20, 2007








Affirmed and Memorandum Opinion filed December 20, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00988-CR

_______________

 

OLIVER JEWEL STROMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 23rd District Court

 Brazoria County, Texas

Trial Court Cause No. 50,580

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

A jury
convicted appellant, Oliver Jewel Stroman, of felony driving while intoxicated
and assessed punishment of five years= confinement and a fine of $5,000. 
In one issue appellant contends the trial court erred in overruling his
objections regarding two of the State=s jury arguments made during the
punishment phase of trial.  All dispositive issues are clearly settled in law. 
Accordingly, we issue this memorandum opinion and affirm.  See Tex. R.
App. P. 47.4.

I. Background

Around
midnight on July 4, 2005, Fire Marshall Steven Norton was patrolling in search
of persons using illegal fireworks.  He pulled behind appellant at a red
light.  When the light turned green, appellant did not accelerate for a period
between thirty to forty-five seconds.  Then, as appellant drove, he weaved
between the left and right lane markers while proceeding between twenty to
thirty miles per hour below the posted speed limit. Additionally, appellant
came to a complete stop multiple times in the middle of the road.  Fire
Marshall Norton, believing appellant was intoxicated, requested police
assistance in stopping him.

Pearland
Police Officers Jason Myers and Adam Carroll responded to the dispatcher=s call, stopped appellant, and
administered three field sobriety tests: the horizontal-gaze- nystagmus, the
walk-and-turn, and the one-leg-stand.  The officers did not obtain any results
from the horizontal-gaze-nystagmus test.  However, they believed the
walk-and-turn and one- leg-stand tests indicated appellant was too intoxicated
to operate his vehicle.  Appellant=s field sobriety tests were taped by
the video camera attached to Officer Carroll=s police cruiser.  The officers
arrested appellant and took him to the Pearland jail, where testing registered
appellant=s breath-alcohol level at .227 and .238.

At
trial, Fire Marshall Norton, Officers Myers and Carroll, and the
breath-alcohol- machine technicians testified for the State.  The jury also
viewed the videotape of appellant=s field sobriety tests.  The jury
convicted appellant of felony driving while intoxicated.

II. Analysis

In one
issue, appellant contends the trial court erred in overruling his objection to
the State=s allegedly improper jury arguments.  We disagree.








There
are four areas of proper jury argument: (1) summation of the evidence; (2)
reasonable deductions from the evidence; (3) responses to opposing counsel=s argument; and (4) pleas for law
enforcement.  Perry v. State, 977 S.W.2d 847, 850 (Tex. App.BHouston [14th Dist.] 1998, no pet.). 
An attorney may not inject speculative evidence outside the record in his jury
argument.  Everett v. State, 707 S.W.2d 638, 640-41 (Tex. Crim. App.
1986).  However, attorneys may draw all reasonable, fair, and legitimate
inferences from the facts in evidence.  Williams v. State, 688 S.W.2d
486, 491 (Tex. Crim. App. 1985).  Additionally, even aggressive arguments are
permissible so long as the arguments fall within one of the four areas of
proper jury argument.  See Berry v. State, 233 S.W.3d 847, 860
(Tex. Crim. App. 2007). 

Appellant
contends the prosecutor injected speculative evidence outside the record with
two statements made during his closing arguments in the punishment phase of
trial.  In the first statement, the prosecutor argued:

It=s the Fourth of July.  You saw how many cars were out
there and you know how many kids are out there.  You know how many adults are
out there.  There [are] parties going on everywhere.  The kids are out of
school.  Fireworks are going off everywhere at all times of the day.

 

We
conclude this statement was proper jury argument consisting of reasonable
deductions from the evidence and pleas for law enforcement.  The prosecutor
reminded the jury that, typically during the Fourth of July, an increased
number of people are out of their homes at night, and there are generally more
distractions on the road than usual.  Further, it is common knowledge in
American society that, on the Fourth of July, many people have parties, watch
and use fireworks, and are generally out of their homes late into the night. 
Therefore, the prosecutor=s statement was a reasonable deduction from the evidence
regarding the usual activities on the Fourth of July and the danger inherent in
appellant=s conduct of driving while intoxicated on that day.








In the second statement,
the prosecutor argued:

Do you
really want to take that risk?  No.  We don=t
have to take this risk.  That=s why we have
laws against driving while intoxicated.  And that=s why we have juries and you guys to tell us and tell the community
what you want and what the consequences are going to be if you do what
[appellant] did.  

So what=s the message going to be?  Do you just want to say
oh, well, he didn=t hurt anybody this time.  You know, he didn=t get into an accident.  No harm, no foul.   When is
he going to learn?  Who is to say that the next time he doesn=t seriously injure or kill someone? . . . 

You really
think that night [appellant] would have been able to stop in time if someone
had come across in front of him?  A dog had come across in front of him, a
child?

 

We
conclude this statement also constituted reasonable deductions from the
evidence and a plea for law enforcement.  The prosecutor asked the jury to
compel compliance with the law.  He also placed appellant=s actions in context of outdoor
activities on the Fourth of July.  Obviously, driving while intoxicated is
proscribed because of the potential for serious injury to others, and
enforcement is required even when the defendant has not caused actual harm.
Accordingly, this argument was not improper.

 Appellant=s sole issue is overruled, and the
judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed December 20, 2007.

Panel consists of Chief Justice
Hedges and Justices Anderson, and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).