

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00293-CR

———————————————

PATRICK EDWARD WINCHESTER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR18-0500

Before Sudderth, C.J.; Gabriel, J.; and Lee Ann Dauphinot (Senior Justice, Retired,
Sitting by Assignment)
Memorandum Opinion by Justice Dauphinot

## MEMORANDUM OPINION

A jury convicted Appellant Patrick Edward Winchester of two acts of the first-degree felony offense of aggravated sexual assault of a child, charged in separate counts of the indictment, and alleged to have occurred in 2012 and 2008. The jury assessed a sentence of 45 years' incarceration on each count, and, at the State's request, the trial judge ordered that the two sentences be served consecutively.

Appellant brings four points on appeal, arguing the trial court reversibly erred by including a definition of reasonable doubt in the jury charge on guilt–innocence, by providing an inapplicable good-conduct-time instruction in the jury charge on punishment, by permitting improper jury argument by the State, and by improperly imposing court costs. Because the trial court committed no reversible error, we affirm the trial court's judgment.

Brief Facts

In 2008, Appellant married a woman who had two biological daughters; at the time, her daughters—whom we refer to respectively as Complainant A and Complainant B—were approximately five and eight years old. In 2014, Appellant and his wife were divorced after a lengthy separation. In September 2017, Complainant A typed a message on a computer stating that Appellant had been inappropriate with her and showed her mother the message. But Complainant A refused to speak to her mother about the inappropriate behavior. In December 2017, Complainant B told her boyfriend in an Instagram message that she had been molested as a child.

Complainant B's stepmother was on the same Instagram account and saw the message. She asked Complainant B about her molestation claim, called the police to report it, and called Complainant B's mother to tell her about the claim. The girls' mother questioned Complainant A again, and she learned that Complainant A had been sexually abused.

Later, at Appellant's trial, Complainants A and B testified that he had compelled them to put his penis in their mouths. Complainant A testified the abuse occurred once; Complainant B testified it occurred three or four times. The complainants' mother and stepmother also testified.

Appellant does not challenge the sufficiency of the evidence to support his conviction, challenging instead the jury charges, the trial court's ruling on an objection to the State's closing argument, and the court costs imposed.

Reasonable Doubt Instruction to the Jury

In his first point on appeal, Appellant argues that the trial court reversibly erred by including a part of the *Geesa v. State*[1] "beyond a reasonable doubt" instruction in the guilt–innocence jury charge. The trial court instructed the jury as follows:

> The prosecution has the burden of proving the Defendant guilty, and it must do so by proving each and every element of the charge beyond a reasonable doubt, and if it fails to do so, you must acquit the Defendant. It is not required that the prosecution prove guilt beyond all possible

---

[1] 820 S.W.2d 154 (Tex. Crim. App. 1991), *overruled in part by Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000).

3

doubt; it is required that the prosecution's proof excludes [sic] all reasonable doubt concerning the Defendant's guilt.

Although Appellant did not object to the complained-of charge, we review all jury-charge complaints, regardless of preservation at trial.[2]

After first mandating a reasonable-doubt instruction that includes the complained-of language, the Texas Court of Criminal Appeals later held that the instruction is "redundant, confusing, and logically flawed."[3] But that court has also held that a trial court does not err by giving such an instruction even though "it is 'the better practice' not to define that term."[4] Appellant acknowledges this precedent of the Texas Court of Criminal Appeals but explains that he presents this complaint to advocate for a change or reversal in the law and to preserve it for further review.

Because the Court of Criminal Appeals has held that a trial court does not err by including this exact instruction in a jury charge on guilt–innocence even though it has repeatedly stated it is better practice not to define that term, we therefore comply with the controlling authority of the Texas Court of Criminal Appeals as we understand it, and overrule Appellant's first point on appeal.

---

[2]*Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

[3]*Colbert v. State*, 108 S.W.3d 316, 318 (Tex. Crim. App. 2003) (citing *Paulson*, 28 S.W.3d at 573; *Geesa*, 820 S.W.2d at 162).

[4]*Mays v. State,* 318 S.W.3d 368, 389 (Tex. Crim. App. 2010).

<u>State's Jury Argument</u>

In his second point, Appellant argues that the trial court reversibly erred by overruling his objection to the State's jury argument because the prosecutor was expressing her personal opinion of the veracity of the complaining witnesses.

Appellant complains of the following rebuttal argument by the State:

[Prosecutor]: . . . I want to talk about why would the girls say this happened if it didn't happen? Maybe they didn't realize that this would ultimately wind up in a trial setting. But shortly after December 4, 2017, they were both contacted by law enforcement.

Well, let's start. They were both contacted by their parents. If [it] didn't happen, well, that's getting a little rough. Maybe I don't want to continue with the story.

They were contacted by law enforcement, and they had to say what happened. If they're lying, that would be a good time to back out.

[Defense counsel]: Objection as to comment on veracity of the evidence as presented at the witness stand, Judge.

THE COURT: . . . Overruled.

. . . .

[Prosecutor]: If they're lying --

[Defense counsel]: Object, again, Judge. Renew my objection as to improper argument, comment on the veracity of any witness that may have testified.

THE COURT: Overruled.

. . . .

5

[Prosecutor]: If they're lying, they're going to have to make up this story. And they have to tell it to men like Investigator Pitman. That would be a good time to back out of the story if it didn't happen.

If they're lying --

[Defense counsel]: Judge, could I have a running objection for this Close? I'm going to keep interrupting [the prosecutor]. I don't want to, but this is all improper argument, commenting on the veracity of any witness who may have testified in this case.

THE COURT: And the Court will give you that running objection on that . . . that issue.

[Prosecutor]: If they're lying and they don't want to have to keep telling the story, maybe they back out before they have to meet with the Prosecutors. If they're lying, maybe they back out before Monday when they know the trial is coming. If they're lying, maybe they back out before each of those girls has to get on that witness stand to tell you 12 complete and utter strangers as well as anybody else in the courtroom about the sexual experience that that Defendant did to them.

What motive do they have to lie? *Their motive is to tell the truth.* They're not getting paid for this. There's no pomp and circumstance for this. They're not getting bragging rights at school for this. They don't have a motive to lie. They have the ability to tell the truth.

And I will submit to you that their credibility was not tested. Neither one of them faltered, not one single step. . . . *I believe [they] were beyond credible.*

[Emphasis added.]

We review a trial court's ruling on an objection to improper jury argument for an abuse of discretion.[5] A trial court does not abuse its discretion when its decision is

---

[5]*See Milton v. State,* 572 S.W.3d 234, 241 (Tex. Crim. App. 2019); *Ramos Pabon v. State,* No. 02-18-00517-CR, 2019 WL 4122611, at *5 (Tex. App.—Fort Worth Aug. 29, 2019, no pet.) (mem. op., not designated for publication).

within the zone of reasonable disagreement.[6]  In determining whether a prosecutor's statements were improper, the reviewing court considers the remark in the context in which it appears, examining the entire argument and not merely isolated statements.[7] But even if a jury argument exceeds the permissible bounds, we will not reverse a trial court's erroneously overruling a defense objection unless the error affected the defendant's substantial rights.[8]

To be permissible, the State's jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement.[9]  A prosecutor may not argue that the jury should believe a witness simply because the prosecutor does.[10]  Such an argument is improper because it attempts to bolster the credibility of a witness through unsworn testimony by the prosecutor.[11]  But a prosecutor may argue that a witness is credible if making a

---

[6]*Montgomery v. State,* 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

[7]*See Gaddis v. State,* 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Robbins v. State,* 145 S.W.3d 306, 314-15 (Tex. App.—El Paso 2004, pet. ref'd).

[8]Tex. R. App. P. 44.2(b); *Martinez v. State,* 17 S.W.3d 677, 692–93 (Tex. Crim. App. 2000); *Mosley v. State,* 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g).

[9]*Freeman v. State,* 340 S.W.3d 717, 727 (Tex. Crim. App. 2011); *Felder v. State,* 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992).

[10]*See Gardner v. State,* 730 S.W.2d 675, 698 (Tex. Crim. App. 1987).

[11]*See Menefee v. State,* 614 S.W.2d 167, 168 (Tex. Crim. App. 1981) (op. on reh'g).

reasonable deduction from the evidence or if the argument was invited by and is responsive to the defendant's argument; if properly argued, these deductions do not constitute unsworn testimony.[12]

Applying the appropriate standard of review to this case, we conclude the prosecutor was primarily answering the argument of opposing counsel as to the credibility of the complainants. In doing so, she relied on the record and reasonable deductions from the evidence.[13] She did not suggest she had additional evidence that had not been revealed to the jury. But the prosecutor stepped over the line of permissible argument at least once when she argued, "Their motive is to tell the truth. . . . I believe [Complainant A] and [Complainant B] were beyond credible." These statements were an impermissible expression of the prosecutor's personal opinion of Complainant A's and Complainant B's credibility.[14] Therefore, the trial court abused its discretion by allowing this part of the argument.

---

[12]*See Wolfe v. State,* 917 S.W.2d 270, 281 (Tex. Crim. App. 1996); *McKay v. State,* 707 S.W.2d 23, 37 (Tex. Crim. App. 1985); *Chapman v. State*, 503 S.W.2d 237, 238 (Tex. Crim .App. 1974); *Thomas v. State*, 445 S.W.3d 201, 211 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd).

[13]*See Hinojosa v. State*, 433 S.W.3d 742, 763–64 (Tex. App.—San Antonio 2014, pet. ref'd) (holding that prosecutor's argument that witnesses had no motive to lie was a reasonable deduction from the lack of evidence in the record rather than a statement of the prosecutor's personal opinion of the witnesses' credibility).

[14]*See, e.g.*, *Menefee*, 614 S.W.2d at 168; *Perry v. State*, 977 S.W.2d 847, 851 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (explaining difference between proper jury argument regarding witness credibility and improper jury arguments in which

8

Nevertheless, we conclude that any improper argument was harmless. In determining harm from improper jury argument, we consider (1) the severity of the misconduct (that is, the prejudicial effect of the prosecutor's remarks), (2) curative measures, and (3) the certainty of conviction absent the misconduct.[15] Because the trial court overruled Appellant's objections, there was no instruction by the court to disregard the argument and, thus, no curative measures. But the prosecutor's remarks, in context, were in the same vein as her immediately prior argument summarizing the points at which the complainants had the opportunity to change their minds and tell the truth if they had been lying and the import of the circumstances in which they continued to maintain their version of events. The complainants both testified unequivocally to Appellant's sexual acts. And from the beginning of trial, the jury was told that the evidence consisted largely of the complainants' statements. Based on the context of the argument and the record as a whole, we hold that the trial court did not reversibly err by allowing the complained-of argument.

Consequently, we overrule Appellant's second point on appeal.

---

prosecutors "personally vouched for the truthfulness of a state's witness or witnesses or indicated that some third party did").

[15]*Martinez*, 17 S.W.3d at 692–93; *Mosley*, 983 S.W.2d at 259.

Jury Charge on Good-Time Credit and Parole

In his third point, Appellant argues that the trial court reversibly erred in including a good-conduct-time instruction in the jury charge at the punishment phase of the trial because no person serving a sentence for aggravated sexual assault is eligible to accumulate good-conduct-time credits for parole release; therefore, Appellant argues that the instruction misled the jury to his detriment.[16]  He concedes, nevertheless, that the instruction given is not only authorized by statute, but was required by statute,[17] and that his due process and due course of law arguments have been rejected by the Court of Criminal Appeals[18] and by this court.[19]  As the State reminds us, this court is bound to follow the precedent of the Texas Court of Criminal Appeals.[20]  Appellant has presented no new arguments to show that these holdings are erroneous and should be reconsidered.  We therefore overrule Appellant's third point on appeal.

---

[16]*See* Tex. Gov't Code Ann. § 508.145(d)(1)(A); Tex. Code Crim. Proc. Ann. art. 42A.054(a)(9).

[17]*See* Tex. Code Crim. Proc. Ann. art. 37.07(4)(a).

[18]*See Luquis v. State,* 72 S.W.3d 355, 365–68 (Tex. Crim. App. 2002).

[19]*See Knight v. State,* 504 S.W.3d 524, 532 (Tex. App.—Fort Worth 2016, pet. ref'd).

[20]*Wiley v. State,* 112 S.W.3d 173, 175 (Tex. App.—Fort Worth 2003, pet. ref'd).

Court Costs

In his fourth point on appeal, Appellant contends that the court costs assessed in the judgment should be deleted because the clerk's record at the time his brief was filed did not contain a bill of costs; therefore, the record did not support the costs assessed in the judgment. After Appellant filed his appellate brief, the clerk's record was supplemented to include a bill of costs itemizing the $804.00 in court costs assessed against Appellant. Not only is such supplementation proper, we must consider a supplemental record containing a bill of costs.[21] Because the supplemented record supports the costs assessed against Appellant and because Appellant's point is a blanket complaint about the absence of a bill of costs, we overrule Appellant's fourth point on appeal.

Conclusion

Because we have overruled Appellant's four points on appeal, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 10, 2020

---

[21] *See Johnson v. State*, 423 S.W.3d 385, 391–92, 394 (Tex. Crim. App. 2014).

11